PEANE BRUMMER, Respondent, *v.* JACOB COHN, Appellant.

To bring an insurance by a wife upon the life of her husband within the provision of the act of 1840 (Chap. 80, Laws of 1840), it is not essential that it should appear, either by the terms of the policy or by extrinsic evidence, that it was the intention of the assured to avail himself of the provisions of that act; the intention is to be presumed from the beneficial nature of the policy.

The omission to provide in the policy for the disposition of the fund in case of the death of the wife before that of her husband, or a statement in the application that the insurance is for the benefit of the wife solely does not rebut the presumption that in taking the policy the wife had in view said act.

As to whether extrinsic parol evidence showing that the parties did not intend to make the policy subject to the act of 1840, would be competent *quære.*

An endowment policy is within said act of 1840, as amended in 1866 (Chap. 656, Laws of 1866).

Accordingly *held*, that an endowment policy issued in 1868 to plaintiff upon the life of her husband, payable to her, her personal representatives or assigns, was, in the absence of evidence showing a contrary intent, to be presumed to have been procured under the act; and that it was non-assignable save in the cases where assignments are authorized by statute (Chap. 821, Laws of 1873; chap. 248, Laws of 1879.)

(Argued March 22, 1881; decided October 4, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made February 2, 1880, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

This action was brought to compel a reassignment by defendant of a policy of insurance issued to plaintiff upon the life of her husband Aaron Brummer, which policy had been assigned by plaintiff to defendant as collateral security for a loan to her husband. The policy was issued May 12, 1868, payable to plaintiff, " her executors, administrators or assigns " May 12, 1883, or in the case of the death of the insured prior to that time, in sixty days after due notice and proof of death.

*Julien T. Davies* for appellant. A wife can insure the life of her husband, if she so pleases, by a policy that is not issued under the act of 1840, and it is assignable by her. (*Roe* v. *Mutual Life*, Opinion Chas. O'Connor, p. 2 ; *Conn. M. Ins. Co.* v. *Schaefer*, 94 U. S. 457 ; *Loomis* v. *Eagle Ins. Co.*, 6 Gray, 396 ; May on Ins., §§ 20–31 ; *Chrisholm* v. *Nat C. L. Ins. Co.*, 52 Mo. 213 ; *Lord* v. *Dall*, 12 Mass. 115 ; *Gratton* v. *N. E. Ins. Co.*, 15 Hun, 75 ; 2 R. S. [Banks' 6th ed.] 918 ; *Hutson* v. *Merrifield*, 51 Ind. 24 ; *St. John* v. *Amer. M. L. Ins. Co.*, 13 N. Y. 31 ; *Palmer* v. *Merrill*, 6 Cush. 282 ; *Ashley* v. *Ashley*, 3 Simons, 149 ; *Campbell* v. *Foster*, 35 N. Y. 361 ; *Carver* v. *Creque*, 46 Barb. 507 ; *Field* v. *Mayor*, 6 N. Y. 179 ; *Norwood* v. *Guerdon*, 60 Ill. 253 ; 3 R. S. [Banks' 6th ed.] 160 ; *Smith* v. *L. I. Co.*, 4 Dillon, 353 ; *Eadie* v. *Slimmon*, 26 N. Y. 9 ; *Barry* v. *Equitable Life*, 59 id. 587 ; *Barry* v. *Brune*, 71 id. 261 ; 8 Hun, 395 ; *De Ronge* v. *Eagle L. Ins. Co.*, cited in Bliss on Life Ins. [2d ed.] 562 ; *Fowler* v. *Butterly*, 78 N. Y. 68.) It is always a question of fact whether any particular policy is or is not issued under the provisions of the act of 1840. (*Wilson* v. *Lawrence*, 13 Hun, 238 ; *Stilwell* v. *Mutual Life*, 72 N. Y. 388.) The plaintiff is bound by the acts of her husband as her agent in taking out the policy. (*Bodine* v. *Killeen*, 53 N. Y. 93 ; *Baker* v. *Union Mutual Life Ins. Co.*, 43 id. 283.) In the absence of proof to the contrary, the plaintiff must be presumed to have known the usual course of business. (*Watts* v. *Bailey*, 49 N. Y. 464 ; *Johnson* v. *DePeyster*, 50 id. 666.) A general power of disposal implies absolute ownership. (*Morris* v. *Phalen*, 1 Watts, 389.) The policy is an "endowment policy," and is assignable because it is not such a one as was contemplated by the act of 1840, and the acts amendatory thereof. (*Eadie* v. *Slimmon*, 26 N. Y. 179 ; *Barry* v. *Equitable Life*, 59 id. 587 ; *Seymour* v. *C. & N. F. R. Co.*, 25 Barb. 284, 310 ; *Wilson* v. *Lawrence*, 13 Hun, 241 ; *Fowler* v. *Butterly*, 12 J. & S. 148 ; *Wason* v. *Colburn*, 99 Mass. 342 ; *Grindle* v. *Eastern Express Co.*, 67 Me. 317.) The amount of the premiums of this policy forbids that it be regarded as issued under the act of 1840, as

amended. (*Eadie* v. *Slimmon*, 26 N. Y. 17; *Charter Oak Ins. Co.* v. *Brandt*, 47 Mo. 419.) The legislature of this State has conferred full and free powers of disposition of their property upon married women, even when such property comes to them by gifts from their husbands. (Laws of 1848, chap. 200; Laws of 1849, chap. 375; Laws of 1860, chap. 90; *Cashman* v. *Henry*, 75 N. Y. 103; Laws of 1873, chap. 821, p. 1234; Laws of 1879, chap. 248, p. 326.) The fact that the considerations for the loans of the defendant on the security of the policy were received by the plaintiff's husband does not render the assignment void. (*Wilson* v. *Lawrence*, 13 Hun, 287; *Pillans* v. *Van Mierop*, 3 Burr. 1664, 1673; *Miller* v. *Drake*, 1 Caines, 45; *Powell* v. *Brown*, 3 Johns. 100.) The separate estate of the plaintiff was bound by her assignment of the policy to the extent of the policy itself, even if the contracts of loans by the defendant and of assignment by plaintiff were not for her benefit. (*Com. Ex. Ins. Co.* v. *Babcock*, 42 N. Y. 627; *Carpenter* v. *Dougherty*, 50 id. 660; *Maxon* v. *Scott*, 55 id. 247; *Manhattan Brass Co.* v. *Thompson*, 58 id. 82; *Nash* v. *Mitchell*, 71 id. 203.) The defendant, as pledgee of the policy for a valuable consideration, by a valid assignment, has the right to retain its title and possession until he has been repaid his advances. (1 Story's Eq. Jur., § 64 *e*; *Holbrook* v. *Sharpy*, 19 Ves. 131; *Farr* v. *Sheriff*, 4 Hare, 521; *Hanson* v. *Keating*, id. 4; *Peacock* v. *Evans*, 16 Ves. 512; *Pummens* v. *Hare*, L. R., 1 Ex. D. 169.)

*A. Blumensteil* for respondent. The policy in suit having been taken out for the benefit of the wife as such was not assignable. (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Life*, 59 id. 587; *Wilson* v. *Lawrence*, 76 id. 585; Laws of 1840, chap. 277.) The fact that the policy in question was payable to the plaintiff, her executors, administrators, etc., instead of to her and her children, can make no difference. (*Wilson* v. *Lawrence*, 76 N. Y. 585.)

Andrews, J. This case is governed by the decision in *Eadie* v. *Slimmon* (26 N. Y. 9). The contention that to bring an

insurance by a wife upon the life of her husband within the operation of the act of 1840 it must appear from the terms of the policy, or from extrinsic evidence, that it was the intention of the assured to avail herself of the provisions of the act, cannot, we think, be maintained. The right of a wife to insure the life of her husband was not given by that act. She had an insurable interest in her husband's life at common law. (*Reed* v. *Royal Ex. Ass. Co.*, Peak Ad. Cas. 70; *Lord* v. *Dall*, 12 Mass. 115; *Loomis* v. *Eagle Ins. Co.*, 6 Gray, 396; *Conn. Mut. Ins. Co.* v. *Schaefer*, 94 U. S. 457.) The amount insured must necessarily be the measure of damages in case of death. The pecuniary interest of a wife in her husband's life is incapable of exact measurement. The insurer, by issuing a policy to the wife, agrees that her interest is at least equal to the sum insured, and the policy is in the nature of a valued policy, and the full amount insured is recoverable in case of death, without proof of actual damages.

Nor did the provision in the second section of the act of 1840, that the insurance by a wife on the life of her husband may, in case of her death before the decease of her husband, be made payable to her children, confer any new power, or authorize a contract which before the statute would be unauthorized. There does not seem to be any ground to doubt that before the statute, a provision in a life policy issued to a wife on her husband's life, that in the event of her death before the death of her husband, the policy should inure to the benefit of her children, would have been entirely valid and enforceable. But the act of 1840 did secure to the wife, the sole benefit of an insurance on the life of her husband, procured by or for her and in her name, in case she survived her husband, free from any claim by him, or his representatives or creditors, subject to the limitation that the annual premium paid should not exceed a specified sum. In this respect the act of 1840 is enabling and not declaratory. The act does not require that it should appear by the policy that it was issued under the act, in order that the insured should have the benefit of its provisions. There are no restrictive terms. The act is remedial, and was passed for the benefit of

married women and their children, and the intention of a married woman in insuring the life of her husband, to avail herself of its provisions, is inferable from its beneficial nature. In *Eadie* v. *Slimmon*, the policy did not refer to the act, although it might perhaps be fairly inferred that the parties had the act in view, from the fact that it incorporated substantially the language of the second section in providing for the payment of the insurance to the children in case of the death of the wife before the decease of her husband. But in *Wilson* v. *Lawrence*, affirmed in this court (76 N. Y. 585) the policy made no reference to the act; nor did it make any provision for children. It was (aside from the endowment feature) substantially like the policy in this case. It was held that the policy was subject to the act of 1840 and unassignable within *Eadie* v. *Slimmon*, and other cases. The learned judge who delivered the opinion in that case, at General Term, in considering whether the policy was subject to the act of 1840, and in answer to the suggestion upon that subject that it made no provision for children, remarked that it did not appear that they were children of the marriage. But this circumstance seems to us to be immaterial, where the question is as to the wife's power to assign her interest. The act as amended expressly provides that the insurance may be made payable, in case of the death of the wife before the insurance becomes due, to the husband or to his or their children, as may be provided. (Laws of 1862, chap. 70 ; Laws of 1866, chap. 656.) The omission to provide for the devolution of the fund or claim in the contingency of the wife's death before the death of her husband, or, as in this case, the deliberate statement in the application in answer to the question for whose benefit is the insurance to be effected, that it was for the benefit of the wife, and the striking out of the words " and her children," does not, we think, rebut the presumption that the wife in taking the policy had in view the act of 1840. But we do not mean to decide that extrinsic parol evidence showing that the insurer and insured did not intend to make the policy subject to the act of 1840, would be

allowable to control the legal effect of the contract. That question can be determined when it arises.

It is claimed that the policy in question is not within the act of 1840, and is not therefore subject to the rule of non-assignability established in *Eadie* v. *Slimmon*, for the reason that it is an endowment policy — that is, a contract by the insurer, in the alternative, in consideration of the payment by the insured of an annual premium, to pay the sum insured at the expiration of a term of years, or on the death of the husband, at any earlier period. The husband insured by the policy in this case is still living, and the period has not arrived when the obligation of the insurer to pay, has become absolute; and it is insisted that the assignment of the wife sought to be annulled in this action was valid, so far at least as to convey her contingent interest, in the event of the husband surviving the time when the policy becomes payable. This contention is based on the claim that only contracts for life insurance strictly — that is, insurance payable in the event of death, are within the purview of the act of 1840, and that the reason assigned in *Eadie* v. *Slimmon*, for holding that policies of life insurance payable to wives are non-assignable, viz : that the legislature had in view the protection of widows and orphans, which would or might be frustrated, if a wife was permitted to assign the policy during her husband's life, has no application to the endowment feature of a life policy, which contemplates the maturity of the contract during the husband's life. There is considerable force in the argument that an endowment policy was not in the mind of the legislature when the act of 1840 was passed. The original act provides that a married woman may cause her husband's life to be insured for her use, " for any definite period or for the term of his natural life ; " and further provides that the insurance shall be payable to her " in case of her surviving her husband," and refers to no other event upon the happening of which she is entitled to receive it. It seems reasonable therefore to suppose that the words " any definite period " in the original section, referred to an insurance for a limited period,

but nevertheless to an insurance payable only in the event of death. This construction justifies the remark of DENIO, J., in *Eadie* v. *Slimmon*, that the statute "looked to a provision for a state of widowhood and for orphaned children." The policy in that case was issued in 1852. But the act of 1840 was amended by chapter 656 of the Laws of 1866, by striking out the words in the first section of the original act, which made the insurance payable to the wife " in case of her surviving her husband," and inserting in their place the words, " in case of her surviving such period or term." This amendment seems to have been intended to bring within the act insurances of the precise character of the one in question.

An endowment policy is an insurance into which enters the element of life. In one aspect, it is a contract payable in the event of a continuance of life ; in the other, in the event of death before the period specified. The amendment of 1866, entitles the wife to the insurance, whenever she survives the period or term of insurance, and her right is not limited, as in the act of 1840, alone upon the event of her surviving her husband, and seems to contemplate as well the case of an insurance payable before the death of the husband, as one payable on his death.

We are of opinion that the principle of non-assignability declared in *Eadie* v. *Slimmon*, applies to this case. The statute, as it now stands, makes provision as well for wife and children, the husband living, as for widows and orphans ; and there is no ground for imputing a different legislative policy in respect to the assignability of an insurance payable during the husband's life, and one payable only on his death.

We are not called upon to vindicate the doctrine of *Eadie* v. *Slimmon*. The inference of a legislative intent to make a policy procured by a wife on the husband's life unassignable, deduced by the court in that case, has sometimes been thought to rest on a slender foundation ; but the case has been repeatedly followed. (*Barry* v. *Eq. Life Ass. Soc.*, 59 N. Y. 587 ; *Barry* v. *Brune*, 71 id. 262 ; *Wilson* v. *Lawrence*, 76 id. 585.) The legislature, in conferring by subsequent acts a limited power of assignment, have recognized the policy attributed to

the legislation of 1840. (Chap. 821, Laws of 1873; chap. 248, Laws of 1879.) The assignment in this case was not within the authority conferred by those acts.

The fact that the premium paid may have exceeded the sum limited in the statute, presents no question between these parties.

We think the judgment is right and should be affirmed.

All concur.

Judgment affirmed.