I told 'these men to remove it, Elmer Depan, John Faith, and Mike Kelley. I say I was not present when they began their work. When I first saw it, when I got there, Depan was taking off the nuts. He had got two or three off when I went by the front first. I went down to the dump pit then to inspect an engine. That was about 300 feet from where this engine stood, I should judge. I couldn't say just how long I was down there. At that time, when I went by this engine first, and Depan was taking off the first of the nuts, Kelley was also there, Kelley and Depan. Faith was not there at that time; he came later on. I might have been down to the pit making that inspection fifteen or twenty minutes. Then I went back to the roundhouse. I passed by this engine. I went to look after another job in the roundhouse then. It was over in the other roundhouse—the eastern roundhouse—where I went then. That was the second time I passed and saw this job. I came back again before this job was finished. With reference to the number of nuts removed, the second time I saw it, Depan was up on top, and Faith stood right in front, and had about, I should say, six or seven nuts yet to remove. I did not see it again before it fell."

Clearly within the case of Vogel v. American Bridge Co., 180 N. Y. 373, 73 N. E. 1, Morris was not the alter ego of the defendant; on the contrary, a fellow workman with Faith, the part taken by the latter being a mere detail of the work in which they were both employed.

The judgment should be affirmed.

WILLIAMS, J., concurs.

---

(109 App. Div. 375.)

BRADSHAW et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department.    November 15, 1905.)

1. INSURANCE—RIGHT TO PROCEEDS—DESIGNATED BENEFICIARIES—MARRIED WOMEN.

Laws 1840, p. 59, c. 80, as amended by Laws 1870, p. 612, c. 277, makes it lawful for a married woman to insure the life of her husband for her sole use, and declares the amount of such insurance to be her own property, free from claims of her husband or his creditors. The same act, as amended by Laws 1873, p. 1234, c. 821, provides that a policy in favor of a married woman may be surrendered, etc., and such married woman may, in case she have no child or any issue of any child, dispose of such policy by will or deed. A policy was declared to be payable on insured's death to his wife, "for her sole use, if living, in conformity with the statute, and, if not living, to their children or their guardian for their use." Held, that the policy was within the statute, and, in case of the death of the wife without issue prior to the death of her husband, passed under the residuary clause of her will, although the policy was procured by the husband, who kept it in his possession and paid the premiums thereon.

2. ESTOPPEL—REPUDIATION OF AGREEMENT.

Where an insurance policy was issued in favor of the wife of insured, in conformity with the statute (Laws 1840, p. 59, c. 80, as amended by Laws 1870, p. 612, c. 277, and Laws 1873, p. 1234, c. 821), so that the same was subject to disposition by the wife in case of her death without issue, an agreement by the insurer, on the death of the wife, without issue prior to the death of insured, to pay the policy to insured's estate in consideration of the payment of future premiums by insured, and the consequent payment of such premiums, did not estop the insurer to deny its liability to insured's estate.

McLennan, P. J., and Nash, J., dissenting.

Appeal from Special Term, Chautauqua County.

Action by William A. Bradshaw and another, as executors of the

last will and testament of Robert C. Bradshaw, deceased, against the Mutual Life Insurance Company of New York. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Wade & Stevenson, for appellants.

Davis, Stone & Auerbach, Charles E. Hotchkiss, and Julian C. Harrison, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action is to recover the amount of an insurance policy issued by the plaintiffs' testator, Robert C. Bradshaw, payable at his death to his wife, Carrie J., for her sole use, if living, in conformity with the statute, and, if not living, to their children, or their guardian for their use. The policy was issued January 16, 1882. The Bradshaws were then husband and wife, and continued such until the wife died, July 13, 1896. They never had any children. Mrs. Bradshaw left a will by which she made no specific disposition of this policy, but disposed of all her property, including this policy, provided she had power to dispose of it by will. Her will was duly admitted to probate, and an executor appointed thereunder, who duly qualified, and who claims the money payable upon this policy. The husband, Bradshaw, negotiated for this policy himself, and retained it and paid the premiums thereon until his wife died. Immediately after her death, he agreed with the defendant to pay the future premiums during his life, in consideration of which agreement the defendant agreed to make the policy payable to his estate, and notified him in writing that it had done so, and he did thereafter pay the premiums until his death, April 19, 1901. He left a will, which has been admitted to probate, under which plaintiffs are executors. The court held that, upon the issue of the policy, the title thereto vested in the wife, and remained so until her death, and then belonged to her estate and passed under her will; that the plaintiffs were entitled to recover from the defendant the premiums paid by the husband under the agreement of the defendant, with interest, but had no right to the amount of the policy.

It will be seen, therefore, that the question involved in this appeal is whether, under the statute, the wife had title to the policy at her death, and the power to dispose of the same by will. The statute under which the policy and the money payable thereon are claimed by the wife's representatives is chapter 80, p. 59, Laws 1840, as amended by chapter 187, p. 306, Laws 1858; chapter 656, p. 1413, Laws 1866; chapter 277, p. 612, Laws 1870; and chapter 821, p. 1234, Laws 1873. The act is entitled "An act for the benefit of married women in insuring the lives of their husbands." The amendments of 1870 and 1873 were in force when this policy was issued. All these statutes were repealed by the domestic relation law (chapter 272, p. 215, Laws 1896), which took effect October 1, 1896, and section 22 of that law was enacted in place of the act of 1840 and its amendments. It was provided by section 1 of the act of 1840, as amended in 1870, in brief, that it should be lawful for a married

woman to cause the life of her husband to be insured for her sole use, and the amount of the insurance should be her own property, free from any claims of the husband or his creditors or persons claiming under him. And by section 2 of such act, as amended in 1873 (Laws 1873, p. 1235, c. 821), it was provided:

"Any policy in favor of a married woman, or of her and her children * * * may be surrendered to and purchased by the company issuing the same, in the same manner as any other policy. And such married woman may, in case she have no child or children born of her body, or any issue of any child or children born of her body, dispose of such policy in and by a last will and testament or any instrument in the nature of a last will and testament or by her deed duly executed and acknowledged * * * which disposition lawfully made, shall invest the person or persons to whom such policy shall have been so bequeathed or granted or conveyed, with the same rights in respect thereto, as such married woman would have had, in case she survived the person on whose life such policy was issued, and such legatee, or grantee shall have the same right to dispose of such policy as herein conferred on such married woman."

There seems to be no provision in the sections quoted as to the form in which the policy may be issued. The provision in section 2 is that any policy that had been issued in favor of a married woman or of her and her children might be surrendered or disposed of by will or assignment. Section 22 of the domestic relation law re-enacts section 1 of the old law in substance, though not in words, and then provides a substitute for section 2, viz.:

"The policy may provide that the insurance if the married woman dies before it becomes due, without disposing of it, shall be paid to her husband, or to his, her or their children, or to or for the use of one or more of these persons. * * * The married woman may dispose of such policy by will or written acknowledged assignment, to take effect on her death, if she dies thereafter, leaving no descendant surviving. After the will or the assignment takes effect the legatee or assignee takes such policy absolutely (and surrender to the company issuing the policy is also provided for)."

The policy in question was issued under the old act of 1840 and its amendments, and that act was still in force when the wife died in July, 1896; the repeal taking effect in October, 1896. Very likely the domestic relation law has nothing to do with the question we are here considering, but it is interesting to observe the change made thereby in the statute of 1840 and its amendments. It is said that the policy did not conform to the language of the statute; that it was not one for the sole use of the wife, under section 1 of the amendment of 1870, nor was it one in favor of the wife or of her and her children, under section 2 of the amendment of 1873; that it was one for her sole use, if living, at the death of her husband, and, if not then living, for the benefit of their children. The policy, however, by its language, expressly provided it was in conformity with the statute, and this reference could only have been made to the provision of the amendments of 1870 and 1873, above referred to.

We can hardly adopt the reasoning of appellant's counsel that the policy is not within the provisions of these statutes, in view of the language used in the policy referring to the statute and of the decisions of the courts, hereinafter referred to. The policy was one under section 2 of the amendment of 1873, "in favor of a married woman and her children."

It is said this policy was not one procured by the wife, but by the husband; that he caused it to be issued, kept it in his possession, and paid all the premiums thereon, until the death of his wife, and therefore the policy is not within the provision of the statute. But it was held in Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787, that:

"When a husband procures a policy of insurance upon his life for the benefit of his wife, or, in case of her death before his, of their children, in procuring it and in doing whatever is necessary to perfect and continue the rights of the assured, he acts simply as their agent, and, by force of the statute authorizing such insurance (chapter 80, p. 59, Laws 1840), they acquire a vested interest in the policy at the moment of its delivery to the insured; and this although no knowledge of the existence of the policy comes to them until after his death. Their claim to the fruits of the insurance is a ratification of the act by which it was obtained. The assured, therefore, acquires and holds their ownership irrespective of the question whether the policy has actually been delivered to them."

The same doctrine was held in Dayton v. Claflin, 19 App. Div. 120–124, 45 N. Y. Supp. 1005; and Shipman v. P. H. Circle, 174 N. Y. 398, 67 N. E. 83, 63 L. R. A. 347.

It does not seem to be essential that the policy shall use the precise words of the statute in order to be regarded as within its provisions. If it is issued upon the life of the husband for the benefit of the wife or wife and children, it is covered by the statute.

In Brummer v. Cohn, 86 N. Y. 11, 40 Am. Rep. 503, it was said by the court:

"The act does not require that it should appear by the policy that it was issued under the act in order that the insured should have the benefit of its provisions. There are no retrospective terms. The act is remedial, and was passed for the benefit of married women and their children, and the intention of a married woman in insuring the life of her husband to avail herself of its provisions is inferable from its beneficial nature."

In Whitehead v. New York Life Ins. Co., supra, the policies were payable to the wife, or, in case of her death before the husband, then to their children, and they were held to be within the statute.

In Walsh v. M. L. Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651, the policy was payable to the wife if living; if not living, to her children, and it was held to be within the statute.

In Harvey v. Van Cott, 71 Hun, 394, 25 N. Y. Supp. 25, affirmed on opinion below, 149 N. Y. 579, 43 N. E. 987, the policy was payable to the wife, or, if she should not be living, then to her children, and it was held to be within the statute. In that case the wife died before the husband, leaving no children. She left a will, wherein her husband was one of the executors. The will contained no specific disposition of the policy, but there was a residuary clause. The husband, as executor of his wife, sold the policy to a purchaser, who thereafter paid the premiums. After the death of the husband, the money was claimed by his personal representatives and also by the residuary legatee under his wife's will and by the purchaser of the policy. It was held that the policy passed under the residuary clause in the wife's will, and the purchaser from her executor (the husband) got good title to it, and was entitled to the moneys payable thereon.

This policy, being within the provisions of the statute at the death

of the wife without children, it passed under the residuary clause in her will, and her personal representatives are entitled to the moneys payable thereon. We think no estoppel was established against the defendant's interposing its defense. If the agreement between the husband and the defendant was invalid, it was so as a matter of law, and the husband, as well as the defendant, was bound to know the law. There was no mistake or misrepresentation of the facts. They were all known to the husband, as well as to the defendant. The plaintiffs procured a judgment for all moneys paid by the· deceased to the defendant as premiums, pursuant to the agreement, with interest, which was as favorable a result as they were entitled to.

Without discussing the other objections to this defense made by the defendant, we think no error was committed in respect to this branch of the case.

No other questions raised on the appeal need be discussed. All concur, except McLENNAN, P. J., and NASH, J., who dissents in an opinion by McLENNAN, P. J.

McLENNAN, P. J. (dissenting). The policy in question was issued to, purchased, owned, and paid for by, the husband. He had a perfect right to cause it to be made payable to such person or class of persons as he saw fit, or to his estate. There is no statute which in any manner restricted his discretion in that regard. If the policy had in terms been made payable to the wife of the insured if living at the time of his death, and, if not, then to his estate, it would hardly be claimed that, under any provision of the statute referred to in the prevailing opinion, the insurance would belong to the estate of the wife in case she died before the insured. We think the provision in this policy is exactly to the same effect. Its language is: In consideration, etc., the insurer "promises to pay at its home office in the city of New York unto Carrie J. Bradshaw, wife of Robert C. Bradshaw, of Jamestown, in the county of Chautauqua, state of New York, for her sole use, if living, in conformity with the statute, and, if not living, to their children, or their guardian for their use, one thousand dollars (any indebtedness to the company on account of this contract to be first deducted therefrom), in sixty days after satisfactory proof at its said office of the death of said Robert C. Bradshaw during the continuance of this policy." There were no "children," and therefore it is proposed to construe the policy as if the words "if living, * * * and, if not living, to their children, or their guardian for their use," had not been used, and it had contained the words "and, if dead, to her executors or administrators." We think no case can be found which is authority for such a construction. The decision in the case of Whitehead v. New York Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. St. Rep. 787, and what was said in the opinion of the court, had reference to a contract of insurance made with the wife, and not by the husband, as in the case at bar. In that case it was held that it was competent for a wife to insure the life of her husband for her sole benefit or for the benefit of herself and children, and that just that was done in that

case, and therefore that the estate of the husband had no interest in the fund. The terms of the contract, the situation of the parties, and the conclusion reached by the court is most admirably and tersely stated by Judge Finch. He said:

"All three of the life insurance policies sought to be revived and enforced in this action purport on their face to be contracts with the wife as the party assured, and not at all with the husband, who stands in the policies as simply the life insured; his conduct and death furnishing the contingencies upon which the liability of the insurer are made to depend. As the relation was tersely described on the argument, the contract is about the husband, but not with him. He, therefore, in procuring the policies to be made, in paying the premiums, in receiving and acting upon such notices, and in doing whatever was necessary to perfect and continue the rights of the assured, must stand in the attitude of an agent, acting for and representing the assured (Baker v. Union Mut. Life Ins. Co., 43 N. Y. 283), and as having no interest in the policies, unless, possibly, after the death of all of the assured; and it makes no difference that they have been kept in total ignorance of the existence of the policies for their benefit until after the death of the insured, for their claim to the fruits of the insurance must necessarily be a ratification of the acts by which it was obtained. The wife, therefore, in this case, had a vested interest in the policies at the moment of their delivery to the insured, by force of the statute which permitted them to be made in their existing form. Laws 1840, p. 59, c. 80. Prior to that enactment and at common law, it was open to question whether the wife and children had an insurable interest in the life of the husband and father (Bliss on Life Insurance, § 10; Ruse v. Mut. Ben. Life Ins. Co., 23 N. Y. 516), and whether he could protect them save by taking out policies in his own name, and for the benefit of his estate, which in the end would go to them. But this made the insurance liable for his debts, and left it impossible for those who needed assistance most to obtain it at all. Ruppert v. Union Mut. Life Ins. Co., 7 Rob. 155, 156. The statute was intended to and does remedy the difficulty. It expressly authorizes the wife and children to insure the life of the husband and father, and hold the provision without liability for his debts; and the policies here purport to have made exactly that contract. They created a vested interest in the wife, and one also in the children, by force of the clause providing for the payment to them if the wife should die before the maturity of the policy; * * * so that the wife held the insurance for her own benefit if she survived the husband, and the children if she died before him. These persons were the assured, with whom, through the husband as agent, the contract was made, and they acquired and held their ownership irrespective of the question whether the policies had been actually delivered to them. * * * These policies, therefore, at the moment of their execution, vested in the wife and children as the assured under the provisions of the statute. Their interest was in the whole contract, and not merely from year to year, and so far only as it was executed."

The language quoted in the prevailing opinion was not employed by Judge Finch in that case, and we think does not fully express the holding of the court. In the Whitehead Case it is clearly pointed out that the contract of insurance was the wife's contract, was made by her, that whatever the husband did in the premises was as her agent, and that it was made solely for her benefit or of her children, if any, and therefore, of course, it was held that the estate of the husband took no interest in the proceeds. In that case it was recited in one of the policies—the three being alike except as to the amount of the premium and the amount of insurance—as follows:

"Witnesseth: That the New York Life Insurance Co., in consideration of the sum of $165.50 to them in hand paid by Mrs. Mary A. Davis, wife of George Davis, and of the annual premium of $165.50 to be paid on the 7th

day of June in every year during the continuance of this policy, do assure the life of George Davis, etc., for the sole use of the said Mrs. Mary A. Davis, in the amount of $5,000 for the term of his natural life, commencing on the 7th day of June, 1851, at noon, and the said company do hereby promise and agree to and with the said assured, her executors, administrators, and assigns, well and truly to pay or cause to be paid the said sum insured to the said Mrs. Mary A. Davis, or her legal representatives, within sixty days after due notice and proof of the death of the said George Davis. And in case of the death of the said Mrs. Mary A. Davis before the decease of the said George Davis, the amount of the said insurance shall be payable after her death to her children, for their use, or to their guardian if under age."

In the case at bar the contract was the husband's, was made by him to provide for the wife in case she survived him, and, if not, then for their children, if any, and, if not, then for the benefit of his estate. The contract contains no language indicative of an intention to benefit his wife's estate to the extent of the proceeds of his life insurance.

We cannot discover that the decision in Dayton v. Claflin, 19 App. Div. 120, 45 N. Y. Supp. 1005, cited in the prevailing opinion, has any bearing upon the question here involved. There the insurance company issued two policies upon the life of one Dayton (plaintiff's husband), each for $5,000, one payable directly to the wife, and the other to the husband himself, but by him assigned to his wife. The defendant claimed that it was entitled to the whole of the insurance because the moneys with which the premiums were paid were stolen from it by the insured. It was held, in substance, that if all the moneys so used in payment of premiums had been stolen from the defendant, it would be entitled to the whole of the insurance, but that if the wife paid any part of the premiums, or if the husband made such payments with moneys not so stolen, the wife would be entitled to receive such proportion of the entire fund as the amount of premiums paid by her bore to the entire amount of premiums paid.

Brummer v. Cohn, 86 N. Y. 11, 40 Am. Rep. 503, was a case in which the policy was made payable at a certain date, but provided: "Or should he [the insured] die previous thereto, in sixty days after due notice and proof of his death, to her [his wife, the plaintiff], or her executors, administrators, or assigns." The court held that under such a policy the wife was entitled to the benefit of the provisions of the statute, although in that case the question now being considered was in no manner involved. If the policy in suit had been made payable to the wife, if living, and, if not, then to her executors, administrators, or assigns, appellant's counsel practically concedes the proceeds of the insurance would belong to the wife's estate, there being no children.

In Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651, the policy was issued upon the life of the husband for the sole use of the wife, the amount to be paid upon his death to her if living, "and, if not living, to her children." The wife died, leaving children her surviving, and afterwards the insured died. It was held that the children alone were entitled to participation in the insurance fund. It was held, as stated in the headnote, "that upon the death of the mother, all interest in the policy vested at once in her children then living."

At the time of her death, in the case of Harvey v. Van Cott, 71 Hun, 394, 25 N. Y. Supp. 25, affirmed 149 N. Y. 579, 43 N. E. 987, Mrs. Mary Van Cott held a policy of insurance for $2,000 upon the life of her husband, Edward B. Van Cott, payable "to her or her legal representatives upon his death, or, if she should not be then living, payable to her children or their guardian if under age." It was held that the insurance money under that policy belonged to the wife and passed under her will. It is difficult to see how any other decision could have been reached, because by the express terms of the policy it was made payable to her if living, and, if not, to her legal representatives. Under no circumstances could the estate of the husband have any interest in it, unless the wife failed to make disposition of it in her lifetime. That decision is not in conflict with the contention of the appellant in the case at bar. Here the insurance was payable to her only in case she survived her husband.

We think the provisions of the statute to which attention is called · in the prevailing opinion have no reference to a policy issued as was the one in question, but that those provisions relate to insurance effected by the wife or children upon the life of the husband or father. It was provided that such a contract made by the wife should be legal; that any sum obtained under it should be her property, free from any claims of the husband or of his creditors. It was then provided that a married woman, in case she have no child or children born of her body, or any issue of any such child or children, may dispose of such insurance as she may see fit, by will, assignment, or otherwise, and by section 2 of the act, as amended by Laws 1873, p. 1235, c. 821, is authorized to make provision for its disposition in the policy itself. I can find no language in the act which indicates an intention to prevent a person from insuring his life for the benefit of his wife, if living at the time of his death, and, if not, then for the benefit of his estate. We think the policy in question is of that character, and aptly expresses just that intention on the part of the insured; in other words, that he intended to provide for his wife if she survived him, but, if she did not, and no child or children were left surviving, or their issue, he did not intend such insurance should become a part of the estate of his deceased wife, rather than of his own.

In view of the conclusion above indicated, it is unnecessary to discuss the question as to whether or not the agreement made with the defendant subsequent to the death of the wife was binding or effectual as an estoppel against it.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein.

NASH, J., concurs.