WILLIAM A. BRADSHAW et al., as Executors of ROBERT C. BRADSHAW, Deceased, Appellants, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

1. INSURANCE — TESTAMENTARY DISPOSITION BY WIFE OF POLICY OF LIFE INSURANCE ISSUED FOR HER BENEFIT. The statutes relating to life insurance issued for the benefit of a married woman, and authorizing her to dispose by will of the policy of insurance, refer to a contract made by her in her own name or in the name of a third person, with his assent as her trustee, for insurance upon the life of her husband, and not to a contract made by him for her benefit.

2. WHEN WIFE'S INTEREST IN POLICY IS CONTINGENT AND DOES NOT PASS BY HER WILL. A wife has a contingent, not an absolute, interest in a policy of life insurance issued upon the application of her husband, who paid the premiums and made it payable to her "for her sole use, if living, in conformity with the statute, and if not living to their children or their guardian for their use;" her interest is solely dependent upon her surviving her husband, and in that event only is she entitled to dispose of the policy by will; in case of her death without issue, before her husband, the proceeds upon his death pass, not to her, but to her husband's executors.

*Bradshaw* v. *Mutual Life Ins. Co.,* 109 App. Div. 375, reversed.

(Argued January 17, 1907; decided February 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 2, 1906, affirming a judgment in favor of defendant entered upon a decision of the court at a Trial Term without a jury.

On the 16th day of January, 1882, on the application of Robert C. Bradshaw, the defendant issued to him a policy of insurance on his life, by which, in consideration of said application and of the statements made therein, and of the premiums specified in said policy, the defendant promised to pay "Unto Corrie J. Bradshaw, wife of Robert C. Bradshaw, of Jamestown, in the county of Chautauqua, state of New York, for her sole use, if living, in conformity with the statute, and if not living to their children, or their guardian for their use," the amount of the policy in sixty days after satisfactory

proof of the death of said Robert C. Bradshaw.   Robert C.
Bradshaw and Corrie J. Bradshaw were husband and wife,
and each died without ever having had a child.

Said Robert C. Bradshaw paid the premiums on said policy
until his death, which occurred on the 19th day of April,
1901.   Said policy of insurance was never delivered to or in
the possession of said Corrie J. Bradshaw, but was retained
by said Robert C. Bradshaw, and was found in his possession
at the time of his death.   Corrie J. Bradshaw died on the 3rd
day of July, 1896, leaving a will which has since been duly
admitted to probate.   After her death said Robert C. Brad-
shaw wrote the defendant stating that Corrie J. Bradshaw
named in said policy was dead, and that he desired the policy
made payable to his estate.   Affidavits were prepared by a
general agent of the defendant which were forwarded to the
said Robert C. Bradshaw to be signed by him, and they were
signed and sworn to by him as requested, in which affidavits
the number, date and amount of the policy were stated, and
it was further therein stated that said Corrie J. Bradshaw left
a will which had been duly probated and that she owed no
debts, which statements were true.   Subsequently and on the
6th day of September, 1896, said general agent with full
authority of the defendant wrote said Robert C. Bradshaw
and referring to the prior correspondence said : "You filed
the affidavit of the death of Mrs. Bradshaw, which is all that
is necessary to do in the matter ; the records of the company
will show the fact and your policy has been made payable to
your estate."   The policy was not in fact made payable to his
estate.

Robert C. Bradshaw left a will which has been duly admitted
to probate and the plaintiffs have been duly appointed execu-
tors of said will.   This action is brought by them against the
defendant to recover the amount of said policy.

The only reason alleged or claimed why the plaintiffs should
not recover in this action is that said policy from the time of
its execution and delivery became the property of Corrie J.
Bradshaw, and passed to her residuary legatees under her will

upon her death.   Said policy is not specifically given by her
will but her said will contains a general residuary clause.
The trial court held in accordance with the claim of the
defendant, but rendered judgment in favor of the plaintiffs
for $91, being the amount of the premiums paid by Robert
C. Bradshaw from September 6th, 1896, the date of said
letter, to the time of his death.   An appeal was taken by the
plaintiffs to the Appellate Division where the judgment of
the trial court was affirmed, from which judgment of affirmance
an appeal is taken to this court.

*A. C. Wade* for appellants.   The policy did not pass by
the will of Corrie J. Bradshaw to her representatives.   (*Har-
vey* v. *Van Cott*, 71 Hun, 394 ; 149 N. Y. 579.)   The policy
was the property of Robert C. Bradshaw, and, when his wife
died prior to his death, leaving no children, he had the right,
on consent of the company, of changing the beneficiary.
(*Bickerton* v. *Jaques*, 28 Hun, 119.)

*Charles E. Hotchkiss* and *Julian C. Harrison* for respond-
ent.   The contract sued on, by its terms, invokes the statute,
which was in the nature of an enabling act, permitting a wife
to insure her husband's life.   The policy is, therefore, a
"statutory wife policy." (Bliss on Life Ins. § 10 ; *White-
head* v. *N. Y. L. Ins. Co.*, 102 N. Y. 144; *Ruse* v. *M. B.
L. Ins. Co.*, 23 N. Y. 516 ; *Eadie* v. *Slimmon*, 26 N. Y. 9 ;
*Olmstead* v. *Keyes*, 85 N. Y. 593 ; *Brummer* v. *Cohn*, 86
N. Y. 11 ; *Bloomingdale* v. *Lisberger*, 24 Hun, 355 ; *Wilson*
v. *Lawrence*, 76 N. Y. 585 ; *Walsh* v. *M. L. Ins. Co.*, 133
N. Y. 408 ; *Anderson* v. *Goldschmidt*, 103 N. Y. 617.)   The
statute makes the policy the property of the wife and gives
to her the power to dispose of it by will.   It passed to the
executrix of the wife under the residuary clause of her will.
(*Harvey* v. *Van Cott*, 71 Hun, 394; *U. S. T. Co.* v. *M. B.
L. Ins. Co.*, 115 N. Y. 152 ; *Laflin* v. *Norcross*, 97 Me. 33.)
The defendant was unable by any act of its own to confer
any right upon Robert C. Bradshaw and so take away from

his wife's executrix the right to the proceeds of the policy. (*Henry* v. *Ritenauer*, 31 Ind. 136 ; *M. S. Bank* v. *Goff*, 13 R. I. 516 ; *Burgess* v. *Badger*, 134 Ill. 288 ; *Vance* v. *R. C. Mfg. Co.*, 82 Fed. Rep. 252 ; *Ridgway* v. *Grace*, 2 Misc. Rep. 293 ; *Thorne* v. *Deas*, 4 Johns. 484 ; *Hollins* v. *Hubbard*, 165 N. Y. 534 ; *Gerhardt* v. *Bates*, 2 El. & Bl. 487.)

CHASE, J.   The policy was the contract of Robert C. Bradshaw with the defendant. Both Robert C. Bradshaw and the defendant being competent to contract, were free to make such contract as they could agree upon.

Insurance, like other contracts, should be interpreted to carry out the intention of the parties, giving the language employed its common and ordinary meaning.   If the policy had been made payable to Corrie J. Bradshaw in case she survived her husband, and in case she did not survive her husband then to the children of said Corrie J. and Robert C. Bradshaw, or in case said Corrie J. Bradshaw should not survive her husband and she should not leave a child or children her surviving, then to the executor or administrator of said Corrie J. Bradshaw, the contract would not only have been enforceable, but the intention of the parties in case Corrie J. Bradshaw did not survive her husband, and did not leave a child or children her surviving, would have been clear and it would not have required judicial interpretation.

If, on the other hand, the policy had provided that if Corrie J. Bradshaw should not survive her husband and she should not leave a child or children her surviving, then to the executor or administrator of said Robert C. Bradshaw, the contract would have been equally clear and enforceable.

Language was used in the policy about the meaning of which the parties to this action are in dispute and about which the defendant has apparently become doubtful since the correspondence with the insured in his lifetime.

It is conceded that had said Corrie J. Bradshaw been living at the death of Robert C. Bradshaw the policy would have been payable to her for her sole use in conformity with the

statute.  It is also conceded that if Corrie J. Bradshaw
had left children of her marriage with said Robert C. Brad-
shaw the proceeds of the policy would have been payable to
such children or their guardian for their use.

Corrie J. Bradshaw having died before her husband with-
out leaving a child or children her surviving, where in the
policy does it appear that the proceeds thereof would pass by
her will?

There is no language in the policy which in itself expresses
any such intention of the parties.  It is claimed by the
defendant that it is included within the provisions of the
policy making it payable to Corrie J. Bradshaw for her sole
use if living, *in conformity with the statute.*  This makes it
necessary for us to look at the statutes to see if there is any-
thing therein that compels a construction which would seem
to be contrary to the ordinary meaning of the language used.

Chapter 80 of the Laws of 1840 made it lawful " For any
married woman, by herself, and in her name, or in the name
of any third person, with his assent, as her trustee, to cause to
be insured, for her sole use, the life of her husband."  And
it provided that in case of her surviving her husband the
amount of the insurance " shall be payable to her, to and for
her own use, free from the claims of the representatives of her
husband, or of any of his creditors," except where the amount
of the annual premium exceeds a sum stated.  The act also
provided that " In case of the death of the wife, before the
decease of her husband, the amount of the insurance may be
made payable after her death to her children for their use,
and to their guardian, if under age."

Chapter 187 of the Laws of 1858 is, with the exception of
certain verbal changes that are not now important, the same
as chapter 80 of the Laws of 1840.

This court in *Eadie* v. *Slimmon* (26 N. Y. 9, 17) stated
the reasons and purposes of such statutes.  From the opinion
we quote as follows:

" By the common law a person could insure his own life for
any sum for which he might choose to pay the premium, and

which the insurers would engage to insure; but if one desired
to insure the life of another, he could only insure the interest
which he had in such other life.   If he undertook to insure a
gross sum, and the contract was not susceptible of a construc-
tion which would limit the recovery to the actual damages
sustained the contract would be void under the statutes
against betting and gaming.   This principle the legislature
by the act of 1840 (Laws, p. 59) relaxed in respect to insurance
as effected by a married woman, for any sum which she and
the insurance company might see fit to contract for.   It was
provided that, in the case of her surviving her husband, the
amount payable by the terms of the policy should be payable
to her for her own use, free from all claims of the representa-
tives of her husband or of his creditors.   There is another
feature in the act which shows that it was an enabling and
not a declaratory provision.   By the general rules of law a
policy on the life of one sustaining only a domestic relation-
ship to the insured, would become inoperative by the death of
such insured in the lifetime of *cestui que vie ;* or if it could
be considered as existing for any purpose after that event, it
would be for the benefit of the personal representatives of
the insured ; but by this act the contract may be continued in
favor of the children of the insured wife after her death.
These features distinguish this case from that of an ordinary
chose in action belonging to a married woman as her separate
estate.   The provision is special and peculiar and looks to a
provision for a state of widowhood, and for orphan children ;
and it would be a violation of the spirit of the provision to
hold that a wife, insured under this act, could sell or traffic
with her policy as though it were realized personal property
or an ordinary security for money."

Changes were made in these acts by chapter 70 of the Laws
of 1862, chapter 656 of the Laws of 1866, chapter 277 of the
Laws of 1870, and chapter 821 of the Laws of 1873.   And
when the policy in question was given the statutory authority
of a married woman to insure the life of her husband for her
sole use, so far as now material, remained the same as stated in

said chapter 80 of the Laws of 1840, and the act as amended then provided that the policy " shall be payable to her, to and for her own use, free from the claims of the representatives of the husband, or of any of his creditors, or any party or parties claiming by, through or under him." (L. 1870, ch. 277 sec. 1.)

And the second section of the act provided that " Any policy in favor of a married woman, or of her and her children, or assigned in her, or in her and their favor, on written request of said married woman, * * * may be surrendered to and purchased by the company issuing the same in the same manner as any other policy. And such married woman may, in case she have no child or children born of her body, or any issue of any child or children born of her body, dispose of such policy in and by a last will and testament, or any instrument in the the nature of a last will and testament * * * which disposition lawfully made shall invest the person or persons to whom such policy shall have been so bequeathed, or granted and conveyed, with the same rights in respect thereto as such married woman would have had in case she survived the person on whose life such policy was issued, * * *." (L. 1873, ch. 821, sec. 2.)

All of these acts in terms relate to insurance on the life of a husband when taken by the wife in her name or in the name of a third person with his assent as her trustee for her sole use. All of these acts were repealed with the passage of the Domestic Relations Law (Chapter 272, Laws of 1896), and the substance of the several acts was codified, restated and somewhat modified by section 22 of said Domestic Relations Law.

Said section 22 of the Domestic Relations Law also provides: " A policy of insurance on the life of any person for the benefit of a married woman, is also assignable and may be surrendered to the company issuing the same, by her, or her legal representative, with the written consent of the assured." This was in part taken from chapter 248 of the Laws of 1879 which last act was also repealed with the passage of said Domestic Relations Law.

It will be seen, therefore, that the statutes authorize a mar

ried woman to enter into a contract with an insurance company for insurance in her name or in the name of a third person with his assent as her trustee on the life of her husband, and they also recognize that insurance may be taken by a person on his own life for the benefit of a married woman. It is an insurance contract of the former class that is referred to in the statutes that we have quoted giving a married woman power to dispose by will of such policy of insurance. The right to dispose of insurance by will is based upon the vested interest which the wife has in the insurance. The statutes providing that insurance taken by a wife on the life of her husband may be made payable after her death to her children for their use and to their guardian if under age is permissive, and when a policy is so made payable it is a contingent limitation upon the married woman's absolute title to the proceeds of the policy which has resulted from her individual contract.

Corrie J. Bradshaw's interest in the policy in question was never absolute but contingent. She did not have an unconditional assignable interest in the policy. The sole condition upon which the policy was ever to become payable to her or through her, was that she survive her husband.

In the policy under consideration the use of the words " In conformity with the statute " is necessarily related to the receipt of the proceeds of the policy in the lifetime of Corrie J. Bradshaw and of her holding the same free from the claims of the representatives of the husband or any of his creditors or any party or parties claiming by, through or under him.

By the statute in force when the policy was given a married woman who had no child or children could dispose by will of a policy which is governed by said statutes and is payable " in favor of a married woman, or of her and her children, or assigned in her, or in her or their favor, on written request of said married woman."

The difficulty with the defendant's position is that the policy in question does not come within the terms of the statute authorizing a married woman to dispose of such policy by

will, and that the language of the policy shows that Corrie J. Bradshaw's interest in the policy was wholly .dependent upon her surviving her husband.

Most of the authorities mentioned in the prevailing opinion of the Appellate Division on the decision of the appeal in that court (109 App. Div. 875), and which are relied upon by the respondent in this appeal, are referred to, and satisfactorily explained and distinguished from this case in the dissenting opinion therein.

That the interest of a married woman in a policy of insurance, even if construed under the statutes, is subject to such limitations as are contained in the policy is held in *U. S. Trust Co.* v. *Mutual Ben. Life Ins. Co.* (115 N. Y. 152); *Walsh* v. *Mut. L. Ins. Co.* (133 N. Y. 408), and *Fidelity Trust Co.* v. *Marshall* (178 N. Y. 468).

Corrie J. Bradshaw, having died before the insured, had no interest in the policy that survived her death.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, VANN and WERNER, JJ., concur; HISCOCK, J., not sitting.

Judgment reversed, etc.