(127 App. Div. 817.)

### BRADSHAW et al. v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

INSURANCE—LIFE INSURANCE—INTEREST OF BENEFICIARY.

 A policy was issued directly to a wife, on her application by her husband, insuring the life of the husband for her benefit if living, in conformity to the statute, and if not living to their children. The husband acted as agent for the wife in the negotiations for the policy, in keeping it in his possession, and in paying the premiums thereon. The wife died childless. *Held,* that the wife acquired a vested interest in the policy at the moment of its delivery to insured, though she had no knowledge of its existence, and after the death of the husband his executor could at most only recover the amount of premiums paid after the death of the wife.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1472.]

 Kruse, J., dissenting.

Appeal from Trial Term, Chautauqua County.

Action by William A. Bradshaw and another, executors of Robert C. Bradshaw, deceased, against the Mutual Life Insurance Company of New York. From a judgment for plaintiffs, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James McKeen, for appellant.
Wade & Stevenson, for respondents.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to recover the amount of a policy of insurance upon the life of the plaintiffs' testator. The policy was issued January 16, 1882, upon the application of the wife by her husband, the insured, dated January 13, 1882. The wife died July 1, 1896, leaving no children, but leaving a will which disposed of her property to others than her husband. The insured, the husband, died in April, 1901. The question was and is whether the wife was the owner of the policy at her death, so that it passed under her will, or whether the representatives of the insured, the husband, were entitled to the insurance upon his death. The case has been tried twice. Upon the first trial a verdict was ordered for the defendant, upon the theory that the policy upon the death of the wife passed under her will. The judgment upon such verdict was affirmed in this court (109 App. Div. 375, 95 N. Y. Supp. 780), but was reversed in the Court of Appeals, and a new trial ordered (187 N. Y. 347, 80 N. E. 203). Upon the sec-

ond trial a verdict was directed for plaintiff, and this is an appeal from the judgment entered thereon.

The record upon the former appeal did not contain the application for the insurance, and the opinions in this court and the opinion in the Court of Appeals treated the policy as one issued to the husband and not to the wife. The application is in the present record, and it now appears the policy was issued directly to the wife. It is true that the husband negotiated for the policy, procured it to be issued, kept it in his possession, and paid all the premiums thereon; but in so doing he acted simply as agent of the wife, and she acquired a vested interest in the policy at the moment of its delivery to the insured, even though no knowledge of its existence came to the wife during her life. Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787. The reversal in the Court of Appeals was based upon the mistake of fact that the policy was issued to the husband, and not to the wife—that the contract was between the husband and the company, and not the wife and the company. The opinion of the Court of Appeals starts with the proposition that the policy was the contract of the husband with the company, and both, being competent, were free to make such a contract as they could agree upon. The court further said:

"The statutes authorize a married woman to enter into a contract with an insurance company for insurance in her name, or in the name of a third person with his assent as her trustee, on the life of her husband, and they also recognize that insurance may be taken by a person on his own life for the benefit of a married woman. It is an insurance contract of the former class that is referred to in the statutes that we have quoted, giving a married woman power to dispose by will of such policy of insurance. The right to dispose of insurance by will is based upon the vested interest which the wife has in the insurance. The statutes providing that insurance taken by a wife upon the life of her husband may be made payable after her death to her children for their use, and to their guardian if under age, is permissive, and when a policy is so made payable it is a contingent limitation upon the married woman's absolute title to the proceeds of the policy which has resulted from her individual contract."

It would seem, therefore, that it now appearing the contract of insurance was that of the wife, and not the husband, the entire reason for reversing our judgment on the former appeal fails, and the trial court should have directed a verdict for the defendant, instead of the plaintiffs, or, at most, should have directed a verdict for the plaintiffs for the amount of premiums paid after the death of the wife only, for which judgment was offered by the defendant.

It does not seem necessary to discuss the other questions suggested by respondent on this appeal. So far as they are important, they were passed upon by us upon the former appeal, and were left undisturbed by the Court of Appeals.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except KRUSE, J., dissenting, and SPRING, J., not voting.

KRUSE, J. (dissenting). If the original contract of insurance had been made with the husband, upon whose life the policy was issued, and not with the wife, who is named as beneficiary therein, the personal representatives of the wife would have had no interest therein, since

she died before her husband, and the personal representatives of the husband would be entitled to the proceeds of the policy. That the Court of Appeals has so decided in this case (Bradshaw v. Mutual Life Insurance Company, 187 N. Y. 354, 80 N. E. 203), I do not understand to be in dispute. But for some reason, no matter what, the application for the policy of insurance was not produced by the defendant upon the first trial, and the case was tried upon the theory that the original contract of insurance was made with the husband. The Court of Appeals reversed the judgment for the defendant, and on the new trial the defendant offered in evidence the application, by which it appeared that the insured husband made the application in the name of his wife, thus making the contract of insurance, in form, one between the wife and the insurance company.

The policy of insurance is dated January 16, 1882. The wife died in July, 1896. Immediately after her death the husband wrote a letter to the president of the defendant insurance company, stating that he desired the insurance payable to his estate, and asking that it be attended to. Upon the receipt of the letter the matter was referred by the company to its general agent, who sent an affidavit to the husband for verification, showing that his wife had died and that she had left no children. The affidavit was sworn to by the husband, and returned to the company, and thereafter the general agent wrote to the husband in answer to his inquiry:

"You filed an affidavit of the death of Mrs. Bradshaw, which is all that is necessary to do in the matter. The records of the company will show this fact, and that the policy has been made payable to your estate."

That the insured supposed he had effected insurance upon his life, payable to his estate, is beyond dispute; and, if the defendant company acted in good faith in the transaction had with him in so assuring him, I think it equally certain that it likewise so regarded the transaction. But it is now contended on its behalf that no such insurance was effected; that a mistake occurred through a misapprehension of law; that it must be presumed that the husband knew the law, and therefore must have known that upon the death of his wife her personal representatives had a vested interest in the policy, which neither the husband nor the insurance company could divest.

Assuming it to be true that upon the death of the wife her personal representatives had a vested right in this policy, I do not think the conclusion necessarily follows that the personal representatives of the deceased husband have no claim against the insurance company. A mistake of law arises when a party has full knowledge of all the facts upon which the erroneous conclusion is based. It must, therefore, appear that the husband, at the time of the transaction with the general agent, knew that the contract of insurance was made by him as agent for his wife, in order to charge him with the legal effect of such a state of facts. If he was unconscious of that fact at that time, even through forgetfulness, it is a mistake of fact. 2 Pomeroy's Equity Jurisprudence, § 854.

Both parties having moved for the direction of a verdict, and a verdict having been directed in favor of the plaintiffs, every question

of fact is resolved in their favor. I think it could be found from the evidence that the insured did not know, at the time of the transaction between himself and the defendant, after the death of the wife, that the original contract of insurance was made by him with the defendant as agent for his wife, and not personally. The policy of insurance had been issued more than 14 years prior thereto. There was nothing in the policy to indicate that the application had been made in the name of the wife. He had possession of the policy, and had paid all the premiums, and in view of the assurances given him by the defendant that a change had been effected in the insurance, so as to make it payable to his estate, 'the inference is well warranted that the fact that he had made the application in the name of his wife had escaped his recollection, and that he believed the contract was made between himself personally and the insurance company, especially in view of the fact that the insurance company had in its possession the application and knew the precise form thereof, and the payment by him of the premiums after being assured that such insurance was payable to his estate.

Even if the assured is chargeable with knowledge of the precise form of the application, and he misapprehended the legal effect thereof, he had a right to rely upon the presumably superior knowledge of the defendant's general agent, and his positive assurances that the insurance was payable to his estate. Berry v. American Central Insurance Co., 132 N. Y. 49, 30 N. E. 254, 28 Am. St. Rep. 548; Maher v. Hibernia Insurance Co., 67 N. Y. 283; Heert v. Cruger, 14 Misc. Rep. 508, 35 N. Y. Supp. 1063; Cooke v. Nathan, 16 Barb. 342. But, irrespective of whether or not he is chargeable with knowledge of the facts as they now appear and with the legal effect thereof, and regardless of the rights of the personal representatives of the wife under the original policy of insurance, I think there was a meeting of the minds of the parties, and a contract was made by which insurance was effected upon the life of the assured, payable to his estate, or at least that the defendant is now estopped from claiming that such insurance is not so payable.

It is possible that the general agent of the insurance company supposed that the application had been made by the husband in his own name, and that the contract of insurance was with him, and that it has only been discovered since the former trial ·that the application is in form that of the wife; but, if that be true, the fault is with the insurance company, since the application has been in its possession ever since the policy of insurance was issued. The assured was not particularly interested in the question as to whether the defendant insurance company was subjecting itself to double liability. What he desired was insurance payable to his estate. He was assured that he had that, and he paid his premiums accordingly. If the defendant has incurred a double liability, which I very much doubt, it has arisen through its own fault, and I think it is not now in position to urge its liability to the beneficiaries under the will of the wife, if such is its situation, as a reason for depriving those of insurance whom the husband intended to benefit thereby.

I think the judgment should be affirmed.