JACOB F. MILLER, as Executor, etc., Appellant and Respondent, *v.* ROBERT CAMPBELL, Respondent and Appellant.

140  457
150  272

An assignment executed by a married woman during her husband's life and prior to the enabling act of 1879 (Chap. 248, Laws of 1879) of a policy of insurance issued pursuant to the act of 1840 (Chap. 80, Laws of 1840) upon the life of her husband for her benefit is void.

The question as to its validity is not affected by the fact that the policy was issued by an insurance company of another state, although the laws of that state might authorize such an assignment.

The contract between the corporation and the assured, *it seems,* would be governed by the laws of the state of its origin, but the validity of the assignment depends upon the capacity of the assignor to make it under the laws of this state. ·

Where, however, an endowment policy upon the life of the husband for her benefit was, prior to 1879, assigned by the husband and the wife, which policy provided that in case the husband survived the term of fifteen years, the sum insured should be paid to him, and the husband survived the policy period, *held,* that the interest of the wife ceased upon the expiration of that period, and the whole interest vested in the husband, and by his assignment was transferred to his assignee.

(Argued December 12, 1893; decided December 19, 1893.)

CROSS APPEALS from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 10, 1893, which modified, and affirmed as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Jacob F. Miller* for plaintiff. The policies were not assignable. (Laws of 1840, chap. 80; Laws of 1858, chap. 187; Laws of 1862, chap. 70; Laws of 1866, chap. 656; Laws of 1870, chap. 277; Laws of 1873, chap. 821; *Eadie* v. *Slimmon,* 26 N. Y. 15; *Barry* v. *E. L. Ins. Co.,* 59 id. 587; *Barry* v. *Brune,* 71 id. 262; *Brummer* v. *Cohn,* 86 id. 11; *Wilson* v. *Lawrence,* 76 id. 585; *Baron* v. *Brummer,* 100 id. 372; *Smilie* v. *Quinn,* 90 id. 492; *Frank* v. *M. L. Ins. Co.,*

102 id. 266; *Anderson* v. *Goldschmidt*, 103 id. 618; *Tie-meyer* v. *Turnquist*, 85 id. 576.) The plaintiff being a married woman, is not liable on her guaranty contained in the assignment. (*M. B. Co.* v. *Thompson*, 58 N. Y. 80; *Nash* v. *Mitchell*, 71 id. 199; *Tiemeyer* v. *Turnquist*, 85 id. 516; *S. C. Bank* v. *Pruyn*, 90 id. 50; *Yale* v. *Dederer*, 18 id. 265; 22 id. 450; 68 id. 329; *Lindeman* v. *Farquharson*, 101 id. 427.) The policies being non-assignable, any agreement of guaranty falls with the main instruments. The assignments being invalid, a guaranty of them is invalid also. (*Barry* v. *E. L. A. Co.*, 59 N. Y. 594; *Barry* v. *Brune*, 71 id. 262; *Wilson* v. *Lawrence*, 76 id. 585; *Brummer* v. *Cohn*, 86 id. 11; *Brick* v. *Campbell*, 122 id. 338; *Mercer* v. *Storke*, 1 Miss. 451; *Darlington* v. *McCoole*, 1 Leigh [Va.], 40; *Estate of Webb*, 49 Cal. 542; *Shepherd* v. *Shepherd*, 1 Mad. Ch. 244; *Vasser* v. *Vasser*, 23 Miss. 378; *Tomlinson* v. *Yorke*, 20 Tex. 624; *Hanson* v. *Nicholson*, 19 Wis. 498; 1 Perry on Trusts, § 97; *Bayles* v. *Commonwealth*, 40 Penn. St. 37; *De Jorge* v. *Goldsmith*, 16 J. & S. 131.) The rule which prevails in case of policies issued in this state under our state law, prevails also in reference to the policy issued by the New England Company. All were unassignable till 1879. (Schouler on Dom. Rel. § 80; *Holmes* v. *Boughton*, 10 Wend. 75; *Gould* v. *Emerson*, 99 Mass. 157; *Swan* v. *Snow*, 11 Allen, 224; *U. Assn.* v. *Durant*, 118 Mass. 421; *State* v. *Byrne*, 45 Conn. 273; *Damron* v. *P. M. L. Ins. Co.*, 99 Ind. 478; *M. L. Ins. Co.* v. *Terry*, 62 How. Pr. 325.) The policy was made payable to the plaintiff or to his executors, administrators or assigns. The word his should be read her, for the pronoun refers to the assured, and the assured is the plaintiff's estate. (*Whitehead* v. *N. Q. L. Ins. Co.*, 102 N. Y. 143; *Campbell* v. *N. E. L. Ins. Co.*, 98 Mass. 381; *Hoyle* v. *G. L. Ins. Co.*, 6 Robt. 567; *Smith* v. *Æ. L. Ins. Co.*, 5 Lans. 545.) The policy should be deemed the property of Mrs. Brick. (*Griswold* v. *Sawyer*, 125 N. Y. 411.) If the pretended assignments were void when made, the void instrument could be made valid by the death of plaintiff's son. (*Leonard* v. *Clinton*,

26 Hun, 288; *Bloomingdale* v. *Lisberger*, 24 id. 357.) The alleged payment of the policy by the New York Life Insurance Company cannot affect this case. (*Leonard* v. *Clinton*, 26 Hun, 288.)

*George W. Van Slyck* for defendant. The judgment of the General Term striking out the provision in the Special Term judgment directing the re-delivery of the policy issued by the New York Life Insurance Company to the plaintiff's testator was proper. (*Olmstead* v. *Keyes*, 85 N. Y. 606; 122 id. 342.) The court erred in directing the re-assignment and re-delivery of the policy of the New England Life Insurance Company. (*Brummer* v. *Cohn*, 86 N. Y. 11; *Holmes* v. *Gilman*, 138 id. 369, 380; *Olmstead* v. *Keyes*, 85 id. 593, 605, 606; *Frank* v. *N. Y. L. Ins. Co.*, 102 id. 273, 274; *Whitehead* v. *N. Y. L. Ins. Co.*, Id. 152; *Willard* v. *Eustham*, 15 Gray, 328; *Heborn* v. *Warren*, 112 Mass. 271; *Troy* v. *Sargent*, 132 id. 408; *Barry* v. *E. L. Ins. Co.*, 59 N. Y. 587; *C. M. L. Ins. Co.* v. *Burroughs*, 34 Conn. 132.)

GRAY, J. This action was originally brought by Hannah, wife of Riley A. Brick, to set aside certain assignments of life insurance policies made to the defendant and to compel their re-delivery by him to her. Pending the action, she died and her executor has continued it. The policies were five in number and were all issued in 1872, upon the life of Mr. Brick. Four of them were issued by New York corporations and one by a Massachusetts corporation. The assignments were made in 1877 and were intended to secure an indebtedness of Mr. Brick, the husband, to the defendant. At the time of their making there was one child living; who died in the year 1882. A judgment rendered for the defendant upon a previous trial was appealed from and, being reviewed in the Second Division of this court, was there reversed. (*Brick* v. *Campbell*, 122 N. Y. 337.) A new trial was ordered, but, previous thereto, the defendant conformed, in part, to the decision in the Court of Appeals and delivered up three of

his insurance policies. Of the two policies remaining, one
was issued by the New England Mutual Life Insurance Com-
pany, of Massachusetts, and the other was issued by the New
York Life Insurance Company, of New York. With respect
to the former, the conditions are unchanged from what they
were, when the case was before the Second Division of this
court; but the defendant insists that the question of a married
woman's capacity under Massachusetts laws was considered
under an erroneous assumption as to what those laws were
and that the proofs do not warrant a decision that she was
incapable of disposing of a policy for her benefit. That
policy, unquestionably, was a Massachusetts contract; but
that fact does not influence the consideration of the validity
of the agreement by Mrs. Brick to assign it. As between the
Massachusetts corporation and the assured, the contract would
be governed by the laws of that state; for it was made and
was to be performed there. But the contract, which is in
question here, is the agreement by the married woman to assign
the policy, and its validity depends upon her capacity under
New York laws to make it. Her status as a married woman
was regulated by statute and the disabilities, under which she
was at common law, have disappeared in this state, only as
they have been by successive legislative enactments specifically
removed. Chapter 80 of the Laws of 1840 was an enabling
act with respect to the married woman, which permitted her to
insure, or to cause to be insured, the husband's life for her, or
her children's benefit. It did nothing more towards enlarging
her legal capacity with respect to such insurances; as it was
held upon the previous decision in this court, following a long
line of cases, commencing with that of *Eadie* v. *Slimmon*
(26 N. Y. 9). Chapter 821 of the Laws of 1873 conferred
capacity upon her to dispose of a policy, provided there was
no child, nor issue, living, and finally, in 1879 (Chapter 248,
Laws of 1879), the legislature removed the restrictions upon
her power to assign.

The terms, in which the act of 1840 and its successive
amendments were couched, are of general application to all

insurances by or for married women upon the lives of their husbands, and are not to be deemed as affecting only insurances effected in this state. It was the policy of the law of this state, until the acts of 1873 and 1879, that the benefit of any such insurance should be beyond the power of the wife to lose by her acts. Hence, without further adding to the discussion of the question had upon the former appeal, it is our opinion that Mrs. Brick had no legal capacity to assign the policy of insurance to the defendant; quite irrespective of what the statutory law of Massachusetts may have been on the subject. The question of her capacity to contract was referable to the enabling laws of this state. I may add, however, this observation, that the law of Massachusetts respecting insurances made payable to married women, in force when this policy was issued, as construed by the courts of that state, seems to warrant the inference that such an insurance was regarded as an irrevocable provision for the benefit of the family. (Laws of 1864, chap. 197; G. S. 1873, chap. 58, § 62; *Knickerbocker Life Ins. Co.* v. *Weitz*, 99 Mass. 157; *Gould* v. *Emerson*, Id. 154.)

The other of the two policies, issued by the New York Life Insurance Company, was an endowment policy insuring Mr. Brick's life for fifteen years. The agreement of the company was to pay the amount of the insurance to Mrs. Brick, his wife, as the assured, "for her sole use, if living, * * * and if not living to the children * * * or to the executors, etc., of the person whose life is insured * * *; or, if the person whose life is insured shall survive said term of fifteen years, * * * the sum above insured shall then be paid * * * to him." As the case came before the Second Division of this court, its decision was based upon the record as it stood. When the previous trial was had, this policy had not matured by its terms; the fifteen years period not having yet expired. After the reversal in this court, and before the last trial came on, a supplemental answer was allowed, which set up the separate assignments by Mrs. Brick and by her husband; the husband's survival of the policy period of fif-

teen years, and the consequent cessation of Mrs. Brick's interest. Upon the trial these allegations were established by the evidence; as was the fact that the insurance company had paid the amount of the insurance moneys to certain persons, to whom the policies had been assigned by the defendant, and at a date subsequent to the expiration of the fifteen years period mentioned in the policy. The trial judge, however, ordered judgment for the plaintiff as to this, as well as to the New England Insurance Company's policy; but at the General Term the judgment was modified, by striking therefrom so much as adjudged that the title to the New York Life Insurance Company's policy was in Mrs. Brick. It was there held that her interest had ceased under the terms of the policy and we think the modification of the judgment was correct.

While the fifteen years of the policy were running, the policy was non-assignable by Mrs. Brick, and the former decision rendered in this court was, therefore, perfectly right. Subsequently, however, and before the new trial, an event had happened, by the expiration of the period of fifteen years, which deprived Mrs. Brick of her interest in the policy and vested every interest in her husband, Mr. Brick, to whom, by its express terms, the amount of the insurance had become due. The previous assignment to the defendant, however, had operated to transfer whatever interest he had in the policy, and the title of the defendant to the policy, which, before, was contingent upon Mr. Brick's surviving the period of fifteen years, and thus acquiring a transferable interest, became perfect, and carried the right to him, or his assigns, to receive payment from the company. It made no difference, in the case of this policy, that it was on what is called the endowment plan. It was equally non-assignable during its running; under the principle declared by the cases as to insurances for the benefit of wife or children. (*Brunner* v. *Cohn*, 86 N. Y. 11.) But, differing from ordinary life insurance, a certain period is fixed by the contract, or policy, within which the obligation of the insurer runs to the wife, children, or personal representatives, and they had no right to receive pay-

ment under it beyond that period. Such an endowment policy combines, in its plan, an insurance of the life and an investment of the moneys paid. In the former feature, it looks forward to and·makes provision for a state of widowhood or orphanage, in the case of the death of the person whose life is insured, pending the period specified; while in the latter feature, it secures to the person, effecting the insurance upon his life for a certain period for the benefit of his family, a presumably profitable return of the original investment of his moneys with the company, and thus may be regarded as a provision for an advanced period of his life.

For the reasons given, the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.