THE FIDELITY TRUST COMPANY OF BUFFALO, as Committee of ELLA M. KEAN, Appellant, *v.* CHARLES D. MARSHALL, as Executor of WILLIAM BERRIMAN, Deceased, and as Administrator of the Estate of CYRENA M. BERRIMAN, Deceased, Respondent.

INSURANCE — LIFE POLICIES PAYABLE TO WIFE OF INSURED WHO PREDECEASED HIM, VEST IN CHILDREN THEN LIVING. Policies of life insurance, one, payable upon the death of the husband to his wife, her executors, administrators or assigns for her sole use, "if she survived him, but in case she died first the amount to be paid to her children for their use, or to their guardian, if under age;" the other, payable to his wife "or to her legal representatives" upon his death, but if she was not then living to be paid "to her children or to their guardian if under age," upon the

death of the wife before the insured, vest in the children living at that time, who take, not through their mother, but become substituted as the beneficiaries by virtue of the stipulations of the contract, and such children, if living at the death of the insured, or their representatives, if dead, are entitled to share in the proceeds of the policies.

*Fidelity Trust Co.* v. *Marshall*, 93 App. Div. 607, affirmed.

(Argued April 28, 1904; decided May 31, 1904.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 28, 1904, which affirmed an interlocutory judgment of Special Term sustaining a demurrer to the complaint.

The nature of the action, the facts, so far as material, and he questions certified are stated in the opinion.

*Martin Clark* for appellant. Ella M. Kean, as the only tchild surviving at the death of her father, is entitled to the whole proceeds of the policies. ( *Walsh* v. *M. L. Ins. Co.*, 133 N. Y. 408 ; *Geoffrey* v. *Gilbert*, 5 App. Div. 98 ; *Schulz* v. *M. R. F. L. Assn.*, 135 N. Y. 563 ; *Griswold* v. *Sawyer*, 125 N. Y. 411; *Brick* v. *Campbell*, 122 N. Y. 337 ; *Bacon* v. *Brummer*, 100 N. Y. 372 ; *Olmstead* v. *Keyes*, 85 N. Y. 593 ; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143 ; *Brummer* v. *Cohn*, 86 N. Y. 11.)

*Adolph Rebadow* for respondent. It appears upon the face of the complaint that the defendant, as personal representative of Cyrena M. Berriman, is entitled to one-half of the insurance moneys, and the demurrer, therefore, was properly sustained. ( *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 140 ; *U. S. T. Co.* v. *M. B. L. Ins. Co.*, 115 N. Y. 152 ; *Walsh* v. *M. L. Ins. Co.*, 133 N. Y. 408 ; *Lerch* v. *Freutel*, 36 Misc. Rep. 581.)

VANN, J. By appropriate allegations the plaintiff in an amended and supplemental complaint sets forth facts showing its right to sue in the capacity indicated by the title to the

action and the representative capacity of the defendants as named therein. In separate counts it also sets forth a cause of action against the Connecticut Mutual Life Insurance Company upon two policies of insurance issued by it upon the life of Hamilton M. Lymburner for $10,000 each, dated respectively October 19th, 1865, and February 21st, 1873. The earlier policy was payable upon the death of the insured to Harriet C. Lymburner, "her executors, administrators or assigns for her sole use," if she survived her husband, but in case she died first the amount of said insurance was payable "to her children, for their use, or to their guardian if under age."

The later policy was also payable in the first instance to Mrs. Lymburner, "or to her legal representatives" upon the death of the insured, but if she was not then living, it was to be paid "to her children or to their guardian if under age." Mrs. Lymburner died June 29th, 1878, and Mr. Lymburner April 22d, 1903. They had three children, Hattie, Cyrena and Ella. Hattie died before her mother, on the 23d of December, 1875, an infant, unmarried and childless. Cyrena died December 19th, 1896, leaving no children but a husband, William Berriman, her surviving, and a will by which she gave all her property to him. William Berriman died October 2d, 1900, leaving a will by which he gave all his property to his brothers and sisters. The defendant Charles D. Marshall is the executor of Mr. Berriman's estate and the administrator with the will annexed of Mrs. Berriman's estate. Ella, the third daughter, married Thomas Kean, who died May 7th, 1888, leaving him surviving the said Ella and seven children, all now living. Mrs. Kean is also living, but is an incompetent, and the plaintiff is the committee of her person and estate.

After the death of the insured an action was commenced by the plaintiff to recover the amount of both policies. As conflicting claims had been made against the company, upon its motion a statutory interpleader was directed by an order of the Supreme Court, which required the insurance company

to pay to the plaintiff one-half of the insurance and the remainder into court, which was done. The present defendants were substituted in place of the insurance company and they demurred to the supplemental complaint, which alleged the foregoing facts in substance, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Special Term and the interlocutory judgment was affirmed by the Appellate Division, one of the justices dissenting. Leave was thereupon given to appeal to this court and the following questions certified for its determination: " 1. Should the demurrer of the defendants be sustained upon the ground that the complaint in said action does not state facts sufficient to constitute a cause of action ? 2. Is the plaintiff, upon the facts alleged in the complaint, entitled by virtue of the policies of insurance set out in the complaint to the moneys (one-half of the proceeds of said policies) now deposited in court ?"

The plaintiff, representing the only child of Mr. and Mrs. Lymburner living at the date of the death of the insured, claims the entire proceeds of the policies; while the defendant, representing the estate of the child who survived her mother but died before her father, and also the estate of her sole legatee, claims one-half thereof. As all the parties conceded that the plaintiff was entitled to one-half, that amount was paid over accordingly, but the other half, being claimed both by the plaintiff and the defendants, was paid into court to await the result of the action.

The answer to the questions certified depends upon the construction of the policies which created the fund claimed by the conflicting interests. Such construction depends upon the language of the parties used in the contracts, read, when doubt arises, in the light of the circumstances surrounding them when the contract was made. At that date Mr. and Mrs. Lymburner had three living children, and as it was reasonable to presume that those children would survive both their parents, the contract provided for that contingency. If Mrs. Lymburner survived her husband the policies were payable

to her, and the children, even if all living at that time, were entitled to no part of the proceeds. If, however, Mrs. Lymburner died before her husband it was provided that the policies should be payable to her children. In other words, Mrs. Lymburner was the beneficiary and payee if her husband died first, but if she died first her children were made the beneficiaries and payees. Upon her death, the insured being still alive, her children were substituted in her place and stead as the beneficiaries of the policies. The function of the words "her executors, administrators or assigns," as used in the first policy, and of "her legal representatives," as used in the second, is not now involved. They may cover the contingency that the wife might survive her husband and die, or assign the policy before it was paid, or the possibility that no child would survive the father, or both. Whether the policies were assignable or not is immaterial, for they did not pass by assignment, will or intestate law, but by virtue of certain stipulations in the contract they vested in the children of Mrs. Lymburner immediately upon her death. The children did not take through their mother, but through the contract which substituted them in her place when she passed away. The parties to the contract had the right to name the person or persons to whom the proceeds of the policies should be paid when they matured and the one first named was Mrs. Lymburner, who was the sole beneficiary as long as she lived. As she died before her husband, her interest thereupon ceased. It did not pass to any one from her or through her but died with her. The substitutes named then became the beneficiaries and the policies belonged to them, with all the rights and incidents of personal property in the form of contingent contracts.

This construction is required by two cases recently decided by this court, which we will briefly review. In the earlier, the policy was issued on the life of one Finn, payable upon his death to his wife, "her executors, administrators or assigns," but in case she should die before him, "then the amount, after his death," was payable to their children, or

their guardian if under age. The wife died first, leaving her surviving her husband and three children, Mrs. Anthon, Mrs. Miles and Miss Caroline Finn. Mrs. Anthon died next, leaving three children her surviving. Then Mrs. Miles died, intestate and without issue, leaving a husband, and letters of administration were issued upon her estate. Finally, the insured died, leaving one daughter, Caroline Finn, and three grandchildren, the children of his deceased daughter, Mrs. Anthon, as his only descendants. It was held that upon the death of Mrs. Finn the only persons interested in the policy were her children then living, and that the whole policy, as a chose in action, belonged to them; that upon the death of either daughter, her interest passed to her personal representatives, and that the grandchildren, as such, had no standing to recover any portion of the sum insured. (*U. S. Trust Co.* v. *Mutual Benefit Life Insurance Co.*, 115 N. Y. 152.) Speaking through Judge EARL, the court said: "The court below held that no portion of the policy was payable to the administrator of Mrs. Miles, but that one-half thereof was payable to Caroline C. Finn, the surviving daughter of Mr and Mrs. Finn, and the other half to the three grandchildren. We find no language in the policy insuring any one but Mrs. Finn and the children of Mr. and Mrs. Finn. If Mrs. Finn survived her husband, the sum mentioned in the policy was payable to her. When she died before her husband, the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them. They held vested interests therein as they could in any other chose in action payable at a future time. (*Olmsted* v. *Keyes*, 85 N. Y. 593; *Whitehead* v. *N. Y. Life Insurance Co.*, 102 N. Y. 143.) \* \* \* When Mrs. Miles died her interest in the policy passed to her administrator as her personal representative and as part of her personal estate, and upon the death of Mr. Finn one-third of the policy was payable to the surviving child, one-third to the administrator of Mrs. Miles and one-third to the administrator of Mrs. Anthon."

In the later case the policy was upon the life of one Traub for the sole use of his wife and was payable to her, " if living, * * * and if not living to her children or their guardian." Mr. and Mrs. Traub at the time had three children, Bessie, Solomon and Carrie. Bessie died first, intestate, leaving a husband and children. Mrs. Traub died next, and then Solomon died, intestate, leaving a widow and children. When Mr. Traub died he left Carrie, his daughter, him surviving. It was held that Bessie had simply a contingent interest which terminated upon her death prior to that of her mother and that no interest was transmittted to her personal representative; that upon the death of the mother all interest in the policy vested at once in her children then surviving. (*Walsh* v. *Mutual Life Insurance Co.*, 133 N. Y. 408.) Judge GRAY, writing for the court, reviewed all the authorities and followed the case of *United States Trust Co.* v. *Mutual Benefit Life Insurance Co. (supra)*.

These cases were regarded by a majority of the court below as decisive of the one in hand, and we are of the same opinion. They require us to affirm the judgment, with costs, and to answer the first question certified in the affirmative and the second in the negative.

GRAY, BARTLETT and WERNER, JJ., concur; PARKER, Ch. J., O'BRIEN and HAIGHT, JJ., dissent.

Judgment affirmed.