BAKER v. METROPOLITAN LIFE INS. CO. et al.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

INSURANCE—ACTION ON POLICY—EVIDENCE—SUFFICIENCY.

In an action on a life insurance policy, evidence *held* insufficient to sustain plaintiff's claim that the policy was given her by her deceased husband in consideration of marriage.

O'Brien, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Mary Baker against the Metropolitan Life Insurance Com-

pany and others.  From a judgment for defendants, plaintiff appeals.
Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, LAUGHLIN, and HOUGHTON, JJ.

John McG. Goodale, for appellant.
L. J. Langbein, for respondents.

PATTERSON, J.  The plaintiff, claiming to be the owner thereof,
sued upon a policy or certificate of life insurance issued by the Metro-
politan Life Insurance Company of the city of New York.  That policy
was issued in 1884, to Adam Baker, and it recited that it was so issued
in consideration of representations and agreements in a printed and
written application for the policy and in consideration of a premium to
be paid at certain times.  In the application, Adam Baker stated that he
was a married man, and that the person to whom the benefit was to be
paid was his wife.  At that time, he was married to Rose Baker, who
died on or about the 12th of February, 1886.  He married the plaintiff
in August, 1904.  It does not appear that the beneficiary named in the
policy was ever changed.  The plaintiff sued the insurance company,
which admitted its liability, and set up that other persons made claim
to the amount of the policy, such other persons being the individual de-
fendants in this action; that the plaintiff had been appointed adminis-
tratrix of the goods, etc., of her deceased husband, and the matter in
contest, as it eventually shaped itself on the trial, involved only the in-
quiry, whether the plaintiff was entitled to the amount of the policy in-
dividually or should receive it as administratrix.  The court below ad-
judged that she was entitled to the money only in the latter capacity.

The judgment should be affirmed.  It is claimed by the plaintiff that
the policy was given to her by Adam Baker in consideration of her
promise to marry him.  The proof on that subject is insufficient to sub-
stantiate that claim.  The only evidence in that regard was in the testi-
mony of the witness Mary Sullivan, who states that Baker said in her
hearing that if the plaintiff would marry him he had nothing else to
offer but his insurance, and his only desire was that none of his chil-
dren should get it.  On her cross-examination, however, it appears that
that statement was made in February, 1901, and the plaintiff was not
married to Baker until 1904.  There is not a syllable of proof to show
that the policy ever was delivered to the plaintiff as a gift.  She had
been married to Baker only four months when he died.  She says she
paid the premiums quarterly—50 cents a week.  Proof of delivery is en-
tirely wanting and the judgment of the court below, as the case was
tried, that she was entitled to the amount represented by the policy only
as administratrix, was clearly justified.

The judgment appealed from should be affirmed, with costs.

McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ., concur.

O'BRIEN, P. J. (dissenting).  The plaintiff brings this action upon
a policy of life insurance issued by the Metropolitan Life Insurance
Company of the city of New York, claiming to be entitled individually

as beneficiary and donee of the said policy. The Metropolitan Life Insurance Company does not dispute its liability under the policy, but sets up that there are other claimants, who dispute the claim of the plaintiff. These other claimants are children of the insured, and contend that the policy is part of the estate of the insured. The court below, sustaining the latter claimants, the individual defendants, gave the proceeds to the plaintiff in her capacity as administratrix of the insured.

The policy here sued upon was issued in 1884 on the life of Adam Baker. It was issued in consideration of representations and agreements contained in the application therefor and said application was made a part of this policy. In the application Adam Baker stated that he was married and directed that the benefit be paid to his "wife," leaving blank, however, the space intended for the name of the beneficiary. The policy or certificate proper contained no designation of beneficiary. At the time of the issuance of the policy, Rose Baker was the wife of Adam Baker, the insured. Rose Baker died on or about the 12th of February, 1886. The individual defendants are children of Adam Baker by a union preceding that with Rose Baker; Rose Baker having had no children. Adam Baker designated no new beneficiary after the death of Rose Baker. As the plaintiff was not the wife of the insured at the time of his taking the insurance and making the designation of beneficiary, I agree that she is not the beneficiary contemplated, and cannot take as such. However, upon the death of Rose Baker, the policy reverted to Adam Baker (Olmsted v. Keyes, 85 N. Y. 593), and, in my opinion, the evidence is sufficient to establish a gift thereafter of the policy to the plaintiff. The plaintiff is debarred from testifying concerning the transactions between her and the insured under section 829 of the Code of Civil Procedure. She does testify, however, that she filed the policy and proofs of death with the Metropolitan Life Insurance Company; that she had had the policies in her possession for four years before the death of the insured; and that during those four years she had paid the premiums upon the policy. Her testimony is supported by the testimony of Mary Sullivan, a boarding house keeper, with whom the plaintiff and the insured lived for a time in 1901; that the insured in 1901 promised to give the policy to the plaintiff if she would marry him, as he had nothing else to offer, and that the plaintiff therafter paid the premiums upon the policy. The plaintiff subsequently married the insured. This testimony is not contradicted or shaken by the defendants, their case being confined to showing that the plaintiff was not the wife of the insured at the time the policy was issued and that there had been no designation of a beneficiary by the insured subsequent to the death of his then wife.

There is no direct proof of the delivery of the policy to the plaintiff, but it may be implied from her possession and from the circumstances surrounding the parties and their relations. In Bedell v. Carll, 33 N. Y. 581, the plaintiff sued upon a certain promissory note made to her father and indorsed by him in blank and which plaintiff alleged that he had given and delivered to her. Upon the question of delivery and gift the court in that case said:

"Before his death, and it may be admitted during his last illness, he indorsed the note in blank, and delivered it over to the plaintiff. I repeat, delivered it over to the plaintiff, for the production by her of the note, indorsed in blank, was ample proof of its delivery. Why this indorsement and delivery of the note into the immediate possession of the plaintiff, unless a gift was intended? It was precisely what was required to be done to make a valid and effectual gift. The acts are explainable on no other theory. When, therefore, the plaintiff rested, she had shown prima facie a gift of the note from her father; and the defendants offering no proof, upon this theory of the case, their exception to the direction of the court to the jury to find a verdict for the amount of her claim was without force."

Of similar import is the case of Rix v. Hunt, 16 App. Div. 540, 44 N. Y. Supp. 988, in which case the notes were unindorsed.

If a consideration were required to support the gift, then the marriage was sufficient. In a gift, however, a consideration is not necessary but delivery and possession are necessary.

Upon the facts here I think the conclusion reached that the plaintiff was not the donee of the policy is against the weight of evidence and that the judgment accordingly should be reversed.