## POOL v. NEW ENGLAND MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1908.)

1. INSURANCE—LIFE POLICY—CONFLICT OF LAWS.

A life policy issued by a Massachusetts company to a resident of New York is governed by the laws of New York, where it provided that it should not be effective until signed and a premium was paid, and where the application was made at a branch office within the state and the policy was received and the premiums paid through such office.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 173–175.]

2. SAME—BENEFICIARIES.

Where a life policy on assured's husband's life was payable to assured, her executors, administrators, and assigns, and she predeceased him, the money, on his death, passed to her executor as part of her personal estate, and not to the husband's executor, though the husband was assured's sole devisee and legatee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1474.]

Woodward, J., dissenting.

Submitted controversy between J. Lawrence Pool, John H. Pool's executor, and the New England Mutual Life Insurance Company. Judgment for defendant dismissing the complaint, and adjudging plaintiff not entitled to recover upon a life policy.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

William R. Wilder (Ward B. Chamberlin, on the brief), for plaintiff.

Roger Foster, for defendant.

JENKS, J. This is a submitted controversy. A Massachusetts corporation issued a policy of life insurance in consideration of a premium paid by Sophie S. Pool "being the assured in this policy," and of a like sum to be paid annually insuring the life of her husband. The company therein agreed with the "said assured, her executors, administrators and assigns" to pay the said sum insured to the "said assured, her executors, administrators and assigns." It was further pro-

vided that the policy did not take effect until it is signed and the premium is settled for according to the rules of the company. Application for the policy was made at the branch office of the company in the city, county, and state of New York. The policy was received through the New York office, and the premiums thereon were always paid at that office. Sophie S. Pool, the assured, died in 1901, domiciled in the state of New York, testate and naming her husband as her executor and also her sole legatee and devisee. Her husband qualified. Five children of her said husband and herself survived her and now live. After her death her husband paid the premiums. He died in 1907, testate, and in his will his wife (who had predeceased the testator), J. L. Pool, and W. H. Macy, Jr., were named as executors. Mr. Macy renounced, and J. L. Pool alone qualified. No special bequest was made of this policy by the said husband. The plaintiff, J. L. Pool, as executor of the estate of the husband, contends that he is entitled to receive the proceeds of the policy and its reversionary additions. The defendant, insurer, resists. I am of opinion that the contract must be construed under the laws of this state. Equitable Life Assurance Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497; Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; Mutual Life Ins. Co. v. Cohen, 179 U. S. 162, 21 Sup. Ct. 106, 45 L. Ed. 181; Hicks v. National Life Ins. Co., 60 Fed. 690, 9 C. C. A. 215; O'Neill v. Massachusetts Benefit Ass'n, 63 Hun, 292, 18 N. Y. Supp. 22; 1 May on Insurance, note A. The policy is expressly payable to Sophie S. Pool (who is expressly declared to be the assured), her executors, administrators, or assigns. In Fidelity Trust Co. v. Marshall, 178 N. Y. 472, 71 N. E. 9, the court, per Vann, J., said:

"The function of the words 'her executors, administrators or assigns,' as used in the first policy, and of 'her legal representatives,' as used in the second, is not now involved. They may cover the contingency that the wife might survive her husband and die, or assign the policy before it was paid, or the possibility that no child would survive the father, or both."

The contract was not with the husband, but with the wife to pay to her if she survived the husband, and, if she did not, to her administrators, executors, and assigns. In U. S. Trust Co. v. Mut. Ben. Life Ins. Co., 115 N. Y. 152, 21 N. E. 1025, the court, per Earl, J., say:

"The insurance could be for the benefit of the wife alone, in which case the amount insured would, upon the death of the husband, be payable to her if she survived; but, if she died before him, it would then vest in and be payable to her personal representatives, and not to her children."

I think that upon the death of the insured the insurance moneys passed to the executor of the estate of Sophie S. Pool as her representative, and as part of her personal estate. U. S. Trust Co. v. Mut. Ben. Life Ins. Co., supra; Geoffroy v. Gilbert, 5 App. Div. 98, 38 N. Y. Supp. 643, affirmed on opinion below, 154 N. Y. 741, 49 N. E. 1097; Millard v. Brayton, 177 Mass. 533, 59 N. E. 436, 52 L. R. A. 117, 83 Am. St. Rep. 294. In Geoffroy v. Gilbert, supra, the policy provided that on the occasion of the death of Clarkson the company would pay the insurance money to his daughter or her legal representa-

tive. The action was brought by the administrator of the daughter against the executor of the father; the insurance company having paid the money into court. It was held that the daughter had a vested interest in the policy which was not divested by her death, that the policy was a mere chose in action, and passed to the person entitled to take the personal property; "legal representatives" being held to mean in this case executors or administrators. The court further said that the very fact that it was made payable to her legal representatives (i. e., executors or administrators) necessarily led to the inference that it was to belong to her estate after her death. In Millard v. Brayton, supra, the court lay down the rule:

"The general rule is that a promise to pay money at a time in the future sure to arrive inures to the benefit of the legal representatives of the person to whom the money is to be paid, if he be not alive at the time the payment is due, and we see no reason why this rule is not applicable in this case. See Connecticut Mut. L. Ins. Co. v. Fish, 59 N. H. 126. In the opinion of the majority of the court the plaintiff, as the administrator of the estate of one of the children, is entitled to recover. For decisions in other states bearing upon the question involved, in addition to the cases above cited, see United States Trust Co. v. Mutual Ben. L. Ins. Co., 115 N. Y. 152, 21 N. E. 1025; Walsh v. Mutual L. Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651, and the authorities collected in May, Ins. (3d Ed.) 399, note; Voss v. Connecticut Mut. L. Ins. Co., 119 Mich. 161, 77 N. W. 697, 44 L. R. A. 689; Harley v. Heist, 86 Ind. 196, 45 Am. Rep. 285. See, also, for a collection of some of the authorities, Hooker v. Sugg, 102 N. C. 115, 8 S. E. 919, 3 L. R. A. 217, 11 Am. St. Rep. 721 et seq."

I think that the plaintiff as executor of the last will and testament is not entitled to the insurance moneys. It was payable to the representative of the wife's estate, and cannot be administered upon by this plaintiff; nor can this plaintiff receive it as executor of the husband, in that the husband was the sole devisee and legatee under the will of the assured. Matter of Moehring, 154 N. Y. 423, 430, et seq., 48 N. E. 818, 820.

Judgment for the defendant, dismissing the complaint, with costs, and adjudging that the plaintiff is not entitled to recover upon the policy of life insurance in accord with the terms of submission. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). This is a submission of a controversy concerning a claim for the payment of a life insurance policy upon an agreed state of facts. In 1863 a policy of life insurance was issued by the defendant. It was taken out by Sophie S. Pool for her sole benefit, upon the life of her husband, John H. Pool. It was payable upon his death to the said Sophie S. Pool, her executors, administrators, or assigns. The application for the policy was made at the branch office of the defendant in the city of New York. The policy was received through the New York office, and the premiums thereon have always been paid at the New York office. Sophie S. Pool, the wife of John H. Pool, died domiciled at Harrison, Westchester county, in this state, on or about June 14, 1901, leaving a last will and testament executed in 1900, and duly admitted to probate, wherein she named the said John H. Pool as her executor, and also as her sole legatee and devisee. Five children of her said husband and herself survive her,

and are still living. After her death her husband paid the annual premiums stipulated for by the policy, which payments amounted to $428. John H. Pool died on the 27th of January, 1907, leaving a will duly admitted to probate, wherein and whereby he named his son, the plaintiff in this action, as his executor. The executor of John H. Pool has demanded payment, but payment is refused; it being claimed by the defendant that the amount of the policy belongs to the ·five children of Sophie S. Pool, and not to the executor of the will of her husband, John H. Pool.

The determination of the conflicting claims to these insurance moneys depends upon the question as to whether the laws of Massachusetts or those of New York are to govern. By the laws of Massachusetts the policy was payable in case of the death of the wife before her husband to their children. By section 62, c. 58, Gen. Laws Mass. (Gen. St. 1860), in force at the time this policy was written, it was provided as follows:

"A policy of insurance on the life of any person, expressed to be for the benefit of any married woman whether procured by herself, her husband, or any other person shall enure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same or his creditors."

This statute appears to have been construed by the Supreme Court of Massachusetts in the cases of Swan v. Snow, 11 Allen, 224, Gould v. Emerson, 99 Mass. 154, 96 Am. Dec. 720, and Norris v. Massachusetts Mutual Life Insurance Co., 131 Mass. 294, and the courts of that state hold that upon the death of the wife prior to the death of the husband the interest in the policy becomes the property of her children, and vests in the administrator of her estate for their benefit.

The plaintiff in this action, however, contends that the policy of insurance issued to Sophie S. Pool is a New York contract, and not a Massachusetts contract, and that the provisions of the statutes of our state and its laws control the disposition of the proceeds of the policy, and, where the laws of the two states are in conflict, the laws of New York must prevail. It appears to be the law that the state where the application is made and the first premium paid, and the policy delivered to the assured, is the place of contract. Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; Mutual Life Ins. Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181; Equitable Life Assurance Society v. Clements, 140 U. S. 226, 11 Sup. Ct. 822, 35 L. Ed. 497. All these things it is conceded were done at New York City, where the defendant had a branch office, and therefore the contract we are dealing with must be deemed a New York contract. The policy in suit contained an express provision that it should not take effect until it was signed, and the premiums settled for according to the rules of the company. The defendant's counsel cites the case of Miller v. Campbell, 140 N. Y. 457–460, 35 N. E. 651, as an authority to sustain the contention that the policy is to be deemed a Massachusetts contract. I think that a careful study of that case will hardly sustain that position. One of the policies in litigation in that case was a policy issued by this defendant, and the court did say, in its opinion, that the policy was unquestionably a Massachusetts contract, but the

case does not state where that policy was issued, or where the premium was paid, nor give the facts which are deemed essential in determining whether the contract is to be deemed the contract of one state or of another.   Nor was the question as to whether the policy was a Massachusetts or a New York policy involved in the disposition of the Miller Case.   The question up for decision in the Miller Case was whether under the New York statute an assignment by a married woman during her husband's life of an insurance policy was valid.   What was said as to the policy being a Massachusetts or a New York policy, under the circumstances, I deem obiter, and not controlling in the disposition of this case.   I see no reason for declining to adopt the rule laid down by the Supreme Court of the United States as to whether a policy of insurance shall be deemed a contract of the state where actually made, or that of the state under which the company issuing it is organized.

It is argued by the counsel for the defendant that the Legislature of Massachusetts had the exclusive right to determine the forms of the policies which should be issued by insurance corporations chartered under the statutes of that state.   Granting the argument, and the power to discipline corporations for an infraction of such regulations, we are pointed to no statute or restriction upon Massachusetts insurance companies writing any form of legitimate insurance permitted by the Legislatures of the various states in which they may transact business. It might be argued with even greater force that, where a foreign insurance company entered a state for the transaction of its business, it subjects itself to the laws of that state, and the contracts and engagements which it makes in that state are presumed to have been made with a view to the laws of the state by whose permission and consent it is enabled to do business there at all.   It may be stated as a general rule, supported by numerous well-considered decisions, that, in the absence of stipulations or other evidence of a contrary intent, the validity of a contract of insurance is to be determined by the law of the place where the contract is made.   See 1 Cooley's Briefs on the Law of Insurance, p. 359, and many cases cited.   Not only does this rule hold good as to the validity of such contract, but also as to their interpretation.   Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788.

We are then remitted in disposing of this case to an inquiry whether Sophie S. Pool had the right under the laws of New York to dispose of the policy of insurance in question by her last will and testament. By chapter 80, p. 59, Laws 1840, a married woman was authorized to insure the life of her husband, and it was provided that, in case of her surviving her husband, the amount of the insurance "shall be payable to her, to and for her own use, free from the claims of the representatives of her husband, or of any of his creditors," except where the amount of the annual premium exceeded a certain sum.   The second section of the act also provided:

"In case of the death of the wife, before the decease of her husband, the amount of the insurance may be made payable after her death to her children for their use, and to their guardian, if under age."

Chapter 187, p. 306, Laws 1858, excepting certain verbal changes, is substantially the same as chapter 80, p. 59, Laws 1840. It was held in Olmsted v. Keyes, 85 N. Y. 593, 604, that a policy for the benefit of the wife, making no mention of the children, conferred no rights upon the children in the event of the death of the wife prior to the death of the husband, and it was said by the court that under the provisions of the second section of the act, as amended, "it is clear that the amount of the insurance cannot be claimed by the children of either the wife or the husband unless it is provided in the policy that it shall be payable to them. * * * If it had been the intention of the lawmakers that the amount should be absolutely payable to them, in case of the death of their mother before the decease of her husband, they would have so provided in plain terms." We may, therefore, deem it established that the children of Mrs. Pool took no interest in the policy by virtue of its terms, and the only question that remains is whether the policy was assignable and capable of being disposed of by the last will of Mrs. Pool. By the domestic relations law the statutes relating to the ability of married women to assign policies was repealed, and by section 22 of that act (Laws 1896, p. 220, c. 272) "a married woman may, in her own name, * * * cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as her separate property. * * * The policy may provide that the insurance, if the married woman dies before it becomes due and without disposing of it, shall be paid to her husband or to his, her or their children. * * * The married woman may dispose of such policy by will or written acknowledged assignment to take effect on her death, if she dies thereafter leaving no descendant surviving. After the will or the assignment takes effect, the legatee or assignee takes such policy absolutely." A policy of insurance on the life of any person for the benefit of a married woman is also assignable, and may be surrendered by the company issuing the same to her, or her legal representatives, with the written consent of the assured. Laws 1896, p. 220, c. 272, § 22. It has been decided that this statute is retroactive, and applies to proceeds of policies issued before the enactment. Kittel v. Domeyer, 175 N. Y. 205, 212, 67 N. E. 433.

It is to be noted, however, that the right of a married woman to dispose of a policy like the one now under consideration by will is now dependent upon her dying "leaving no descendants surviving." Mrs. Pool died leaving five children; consequently the disposition or attempted disposition by her last will and testament must be deemed void, and ineffectual for any purpose. The question then presents itself: There being no valid disposition of the policy by will, and her children taking no interest in the policy by virtue of any of the provisions of that policy (because it was not made payable to them by its terms upon the death of their mother prior to the death of her husband), where did the title and ownership of the policy vest? Did it become the property of her estate to be distributed among her next of kin according to the statute of distributions, or did its ownership vest in her husband as the survivor of his wife. I am unable to discover anything in the

case distinguishing it from the case of Olmsted v. Keyes, 85 N. Y. 593. In that case an insurance company issued a policy upon the life of Keyes to one Olmsted, as trustee for Huldah Keyes, the wife, in which the company agreed to pay the trustee upon the death of the husband $1,000. They had several children. Huldah, the wife, died in 1857, prior to the death of her husband, and the court held that upon the wife's death the policy became the property of the husband by right of survivorship, and that the statute of this state making it lawful for married women to cause the life of their husbands to be insured for their benefit (chapter 80, p. 59, Laws 1840) did not impair the right of the husband to take by survivorship under the circumstances of the case. While this act has been amended and re-enacted in various forms, still its substantial provisions so far as they relate to the circumstances of this case remain unchanged. I think the view which I have taken of this case is also sustained by the case of Bradshaw v. Mutual Life Ins. Co., 187 N. Y. 347, 80 N. E. 203. In that case, on the application of the husband, the defendant issued to her a policy on his life, by which it promised to pay the amount of the policy to his wife "if living, in conformity with the statute, and if not living to their children," etc. The wife died before the husband, leaving no children. She left a will making disposition of her estate, but the court held that her interest in the policy was solely dependent upon her surviving her husband, and in that event only was she entitled to dispose of the policy by will, and that, having died without issue before her husband, the proceeds passed upon his death, not to her, but to her husband's executors. See, also, Baker v. Metropolitan Life Ins. Co., 111 App. Div. 500, 502, 97 N. Y. Supp. 1088. That the interests of a married woman in a policy of insurance, even if construed under the statutes is subject to such limitations, is also held in Walsh v. Mutual Life Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651, and Fidelity Trust Co. v. Marshall, 178 N. Y. 468, 71 N. E. 8.

The conclusion I therefore reach is that upon the death of Sophie S. Pool the beneficial interest in the policy in question passed to her husband, John H. Pool, by operation of law, and not by reason of the provisions of his will, and his executor is entitled to the proceeds thereof, and is entitled to the judgment demanded.