Ordered accordingly.

---

(66 Misc. Rep. 122.)

### In re POOL.

(Surrogate's Court, Westchester County. January, 1910.)

WILLS (§ 5*) — PROPERTY SUBJECT TO DISPOSITION — INSURANCE — "UNBEQUEATHED ASSETS."

Where the Appellate Division decided that a testator's executor was not entitled to the proceeds of a policy on the life of testator, issued for the benefit of his wife, who predeceased him, but that the policy passed to her executor, and where the wife left descendants, her attempted disposition of the policy by will was ineffectual, and the proceeds should be administered as "unbequeathed assets," under Laws 1896, c. 272, § 22; the right of a married woman to dispose of such a policy being dependent on her dying leaving no descendants surviving.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 4–14; Dec. Dig. § 5.*]

In the matter of the estate of Sophie S. Pool. Application of Charles S. Pool for an intermediate account. Application granted.

I. T. Flatto, for petitioner.

W. B. & G. F. Chamberlain, for administrator c. t. a.

MILLARD, S. Charles S. Pool, a son of Sophie S. Pool, deceased, made and filed a petition setting forth the following facts:

That in 1863 a policy of life insurance was issued by the New England Mutual Life Insurance Company upon the life of John H. Pool, for the sole benefit of Sophie S. Pool; that Sophie S. Pool, wife of said John H. Pool, died domiciled at Harrison, Westchester county,

state of New York, on or about the 14th day of June, 1901, leaving a last will and testament, which was executed on the 20th day of September, 1900, and duly admitted to probate, wherein she named her husband, said John H. Pool, as her executor, and also her sole legatee and devisee, and letters testamentary were thereafter duly issued to the said John H. Pool by the surrogate of Westchester county; that at the time of her death she left her surviving her husband and her five children, of whom the petitioner is one; that thereafter, and on or about the 27th day of January, 1907, the said John H. Pool died, leaving a last will and testament, under and by virtue of which his wife, Sophie S. Pool, his son J. Lawrence Pool, and one William H. Macey, Jr., were named as executors; that said Sophie S. Pool having predeceased said John H. Pool, and the said William H. Macey, Jr., having renounced his appointment as executor, letters testamentary were duly issued to said J. Lawrence Pool, and the said J. Lawrence Pool is the sole acting executor of the estate of John H. Pool; that no special bequest was made by the said John H. Pool of the policy in question in his said last will and testament; that Sophie S. Pool, the beneficiary named in the policy, was a married woman, and always resided with her husband during coverture; that she was never engaged in business, and whatever debts she left had been paid, as well as her funeral and testamentary expenses; that, although John H. Pool qualified as executor of the estate of Sophie S. Pool shortly after her death on the 14th day of June, 1901, no account or report was ever made by him, or by his successor, J. Lawrence Pool, who was duly appointed administrator with the will annexed of the estate of Sophie S. Pool by this court, on or about the 30th day of January, 1908; that the administrator with the will annexed of the estate of Sophie S. Pool claims the petitioner has no interest in this estate, and, therefore, his petition for a compulsory accounting cannot be granted; while the petitioner claims that the said Sophie S. Pool died intestate as to the proceeds of this policy, and that he, being one of her next of kin, namely, one of five children, is entitled to one-fifth thereof.

The question of this policy of insurance has already been before the Appellate Division of this district in an action brought by J. Lawrence Pool, as executor of John H. Pool, deceased, against the New England Mutual Life Insurance Company (123 App. Div. 885, 108 N. Y. Supp. 431); and the court there held that the plaintiff, as executor of John H. Pool, was not entitled to receive the proceeds of the policy, but that, upon the death of the insured, the insurance moneys passed to the executor of the estate of Sophie S. Pool, as her representative and as part of her personal estate.

My attention has been called to section 22 of chapter 272 of the Laws of 1896, known as the "Domestic Relations Law," where the statutes relating to the ability of a married woman to assign policies were repealed and this section enacted, which provides as follows:

"Sec. 22. Insurance of Husband's Life.—A married woman may, in her own name, or in the name of a third person, with his consent, as her trustee, cause the life of her husband to be insured for a definite period, or for the term of his natural life. Where a married woman survives such period or term she is entitled to receive the insurance money, payable by the terms of the policy, as

her separate property, and free from the claim of a creditor or representative of her husband, except that where the premium actually paid annually out of the husband's property exceeds five hundred dollars, that portion of the insurance money which is purchased by excess of premium above five hundred dollars is primarily liable for the husband's debt. The policy may provide that the insurance, if the married woman dies before it becomes due and without disposing of it, shall be paid to her husband or to his, her or their children, or to or for the use of one or more of those persons; and it may designate one or more trustees for a child or children to receive and manage such money until such child or children attain full age. The married woman may dispose of such policy by will or written acknowledged assignment to take effect on her death, if she dies thereafter leaving no descendant surviving. After the will or assignment takes effect, the legatee or assignee takes such policy absolutely."

"A policy of insurance on the life of any person for the benefit of a married woman is also assignable and may be surrendered to the company issuing the same, by her, or her legal representatives with the written consent of the assured."

Judge Woodward in a dissenting opinion in the case above referred to, applying to this very policy, said (123 App. Div. 892, 108 N. Y. Supp. 436):

"It is to be noted, however, that the right of a married woman to dispose of a policy like the one now under consideration by will is now dependent upon her dying 'leaving no descendant surviving.' Mrs. Pool died leaving five children, consequently the disposition or attempted disposition by her last will and testament must be deemed void and ineffectual for any purpose."

I believe that this is the true construction to be given to the section above quoted, and that this policy could not be willed by Mrs. Pool, and that, therefore, the proceeds of the policy became unbequeathed assets in the hands of her administrator. I think that the majority opinion of the court is in entire accord with this same view, and that, when they say (on page 887 of 123 App. Div., and page 432 of 108 N. Y. Supp.) in the same case, "I think that upon the death of the insured the insurance moneys passed to the executor of the estate of Sophie S. Pool as her representative and as part of her personal estate," they do not mean the money to be disposed of in accordance with the provisions of her will, but that it should be disposed of by the said executor, who is the only legal representative there can be (it not being possible to have both a living executor and administrator in office at the same time administering the same estate), and that he should administer the same as unbequeathed assets of the estate of Sophie S. Pool, in which assets the petitioner is entitled to a one-fifth share.

I, therefore, grant the application, and direct that a citation issue to compel an accounting of the administrator cum testamento annexo of the estate of Sophie. S. Pool, so far as the proceeds of the policy in question are concerned. An order will be made in accordance with the above decision.

Decreed accordingly.