Our conclusion is that, for the reason above assigned, the defendant was entitled to a dismissal of the complaint at the trial.

It follows that the judgment and order appealed from must be reversed, and the complaint dismissed, with costs to the appellant in all courts. All concur.

(87 Misc. Rep. 453)

## DI MOMBERCELLI v. VAN RIPER.

(Supreme Court, Special Term, New York County. November, 1914.)

1. INSURANCE (§ 589\*)—CONSTRUCTION OF POLICY—PERSONS ENTITLED TO PROCEEDS.

An insurance policy was payable to insured's first wife, and, in the event of her death before him, was payable to their children, two of whom predeceased her, intestate and without issue. The wife divorced her husband and died, leaving plaintiff their sole surviving child and her sole next of kin. The insured remarried, and on his death his second wife became his executrix and sole legatee. *Held* that, under the common law of New York, there being no proof that the common law of the state where the policy was issued was different, the interest of the two deceased children of the first wife passed to plaintiff as the survivor of the class, and not to the second wife as legatee of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1472–1474; Dec. Dig. § 589.\*]

2. EVIDENCE (§ 80\*)—PRESUMPTION—COMMON LAW OF OTHER STATE.

The common law of a sister state, in the absence of proof, is presumably the same as that of the state of the forum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80.\*]

Action by Alice C. Van Riper Di Mombercelli against Marie Van Riper, individually and as executrix of the will of Eccles G. Van Riper, deceased. On motion for judgment on the pleadings. Judgment for plaintiff.

Cornell, Lockwood & Jeffery, of New York City, for plaintiff.
Carrington & Pierce, of New York City, for defendant.

GUY, J. [1, 2] Motion by plaintiff for judgment on the pleadings. Under the amended pleadings the action was by interpleader between the plaintiff as the only surviving child of decedent and decedent's first wife, and the defendant, decedent's second wife, as executrix and sole legatee of said decedent, to determine the title to one-half the proceeds of a life insurance policy upon decedent's life. On August 6, 1866, the Mutual Benefit Life Insurance Company insured the life of the decedent for $10,000, payable to his first wife (plaintiff's mother) by name; the policy further providing that "in case the said assured (the first wife) should die before the decease of" her husband "then the amount of this insurance shall be payable to their children, or to their guardian, if under age, within ninety days after due notice and proof of interest and of the death of the said decedent, Eccles G. Van Riper." The policy by its terms was between the wife, plaintiff's mother, and the insurance company; but the answer alleges that the premiums were in fact paid by

the husband. Decedent and his first wife had two children, who predeceased his first wife, intestate and without issue. Decedent and his first wife were divorced in Indiana in 1882, in a suit brought by the first wife. Decedent's first wife died on September 23, 1906, leaving plaintiff their sole surviving child and her sole next of kin. Decedent died on January 26, 1914.

The policy of insurance was either a New Jersey or an Indiana contract; the conflicting allegations of the pleadings making it uncertain which for the purposes of this motion. Assuming defendant, claiming as the privy of a party to an insurance policy against plaintiff as beneficiary thereunder, may disregard the provision of the policy which specifies the first wife as the assured and acknowledges the premiums as paid by her alone (contrary to Pool v. New England Mutual Life Ins. Co., 123 App. Div. 885–887, 108 N. Y. Supp. 431), the question remains: What are their common-law rights under such a policy? The common-law meaning of the words in a life insurance policy, in the absence of proof that the common law of New Jersey or Indiana is different from that of New York, must be assumed to be the same as ours. Under the common law a policy upon the husband's life, payable first to the widow, and second to their children, if the husband survived the widow, vests after the death of the widow in her then living children at the time when the policy became payable as survivors of the class. Consequently the interests of the two deceased children of the first wife passed to the plaintiff as the survivor of the class, and not to the second wife as the legatee of the decedent, their father. United States Trust Co. v. Mutual Benefit Life Ins. Co., 115 N. Y. 152, 157, 158, 21 N. E. 1025; Walsh v. Mutual Life Ins. Co., 133 N. Y. 408, 413–419, 31 N. E. 228, 28 Am. St. Rep. 651; Fidelity Trust Co. v. Marshall, 178 N. Y. 468, 472–474, 71 N. E. 8; Bradshaw v. Mutual Life Ins. Co., 187 N. Y. 347, 355, 80 N. E. 203, 10 Ann. Cas. 266; Davis v. New York Life Ins. Co., 212 Mass. 310, 314, 98 N. E. 1043, 41 L. R. A. (N. S.) 250; Winsor v. Odd Fellows Ass'n, 13 R. I. 149–151; Ryan v. Rothweiler, 50 Ohio St. 595, 600–602, 35 N. E. 679. In Connecticut, Iowa, Kentucky, Michigan, and Tennessee a different rule prevails (see cases cited in Davis v. New York Life Ins. Co., 212 Mass. 314, 98 N. E. 1043, 41 L. R. A. [N. S.] 250) on the theory that the policy is there regarded as a testamentary disposition in favor of decedent's wife, children and their next of kin, rather than as a contract. I think, both on reasons of authority and on the natural meaning of the words used, the New York, Massachusetts, and Ohio rule of construction of life policies is sound, as applicable to the common law of Indiana or New Jersey, in neither of which has the question been decided by the court of last resort.

Judgment for plaintiff.