GUARDIAN TRUST CO OF NEW YORK
Exr of FRED E BRIGHT, deceased, et
v STATE OF OHIO and OHIO TAX
COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10493.   Decided May 12, 1930

Baker, Hostetler & Sidlo and Howard F. Burns, all of Cleveland, for Guardian Trust Co.

Gilbert Bettman, Attorney General, Arthur Krause, Cleveland, and R. D. Metzner, Cleveland, for State and Tax Commission.

SULLIVAN, J.

Counsel for the tax commission assert that the state of Ohio has the right under the statute and authorities to impose an inheritance tax upon the savings bank deposits notwithstanding they belong to a non-resident decedent and the executor and legatees claim that under the law and the facts the contrary is true. In other words, they assert that it is contrary to the Federal and State Constitutions for the State of Ohio to impose an inheritance tax upon the property in question.

Were it not for the decision of the Supreme Court of the United States in Farmers Loan & Trust Co. Exec., vs Minnesota decided Jan. 6, 1930, and reported in United States Daily Jan. 8, 1930, page 11, the case of Blackstone vs Miller 188 U. S. 189 would be controlling, which latter position is asserted by the tax commission notwithstanding the Minnesota case just noted. Our judgment is, however, that Blackstone vs Miller has been definitely, explicitly and irrevocably overruled by the Minnesota case in the decision of the U. S. Supreme Court of January 6, 1930.

Blackstone vs Miller was the ruling case unquestionably until the decision in the Minnesota case. Blackstone, the testator, was domiciled at the time of his death in the State of Illinois and amongst his property was a debt of $10,000.00 owing by a New York firm, and the sum of $4,800,000.00 on deposit in New York State with a trust company, and the holding in the case is that the imposition of the transfer or inheritance tax by New York State was not a violation of the Constitution of the United States, although Mr. Justice White dissented from the decision.

The gist of the decision in the Blackstone case is that a State is without power to impose an inheritance tax with respect to intangible property of a non-resident decedent merely because the debtor is within the jurisdiction of such State.

In Farmers Loan & Trust Co. exec. supra, the vital facts are that one Taylor died while having his domicile and residence in New York State where he kept and owned certain bonds and certificates of indebtedness issued by the State of Minnesota, and the Cities of St. Paul and Minneapolis, and the total amount of this property was about $300,000.00. Minnesota urged the right to impose an inheritance tax in that State because the debtor resided therein and that consequently the State had control of it. The Supreme Court of the United States held the imposition of such a tax unconstitutional and thereby the decision of the Minnesota Suupreme Court was reversed and the opinion was written by Mr. Justice McReynolds ,and there was added a concurring opinion by Mr. Justice Stone and to show the futile effect of Blackstone vs Miller we quote from the decision of both Mr. Justice McReynolds and Mr. Justice Stone as follows:

"Mr. Justice McReynolds:

Blackstone vs Miller, supra, and certain approving opinions, lend support to the doctrine that ordinarily choses in action are subject to taxation both at the debtor's domicile and at the domicile of the creditor; that two States may tax on different and more or less inconsistent principles the same testamentary transfer of such property without conflict with the Fourteenth Amendment. The inevitable tendency of that view is to disturb good relations among the States and produce the kind of discontent expected to subside after establishment of the Union. The Federalist, No. VII. The practical effect of it has been bad; perhaps two-thirds of the States have endeavored to avoid the evil by resort to reciprocal exemption laws. It has been stoutly assailed in principle. Having reconsidered the supporting arguments in the light of our more recent opinions, we are compelled to declare it untenable. Blackstone vs Miller no longer can be regarded as a correct exposition of existing law, and to prevent misunderstanding it is definitely overruled. * * *

Taxation is an intensely practical matter and laws in respect to it should be construed and applied with a view of avoiding, so far as possible, unjust and oppressive consequences. We have determined that in general intangibles may be properly taxed at the domicile of their owner and we can find no sufficient reason for saying that they are not entitled to enjoy an immunity against taxation at more than one place similar to that accorded to tangibles.

The difference, between the two things, although obvious enough, seems insufficient to justify the harsh nad oppressive discrimination against intangibles contended for on behalf of Minnesota."

"Mr. Justice Stone:

Even though the contract transferred was called into existence by the laws of Minnesota, its obligation cannot be constitutionally impaired or withdrawn from the protection which those laws

gave it at its inception. See Providence Savings Association vs Kentucky, 239 U. S. 103, 113, 114; Bedford vs Eastern Building & Loan Association, 181 U. S. 227. And while the creditor may rely on Minnesota law to enforce the debt, that may be equally true of the law of any other State where the debtor or his property may be found. So far as the transfer, as distinguished from the contract itself, is concerned, it is New York law and not that of Minnesota which, by generally accepted rules, is applied there and receives recognition elsewhere. See Bullen vs Wisconsin, 240 U. S. 625, 631; Russell vs Grigsby, 168 Fed. 577; Lee vs Abdy, 17 Q. B. Div. 309; Miller vs Campbell, 140 N. Y. 457, 460; Spencer vs Myers, 150 N. Y. 269. Once the bonds had passed beyond the State and were acquired by an owner domiciled elsewhere, the law of Minnesota neither protected nor could it withhold the power of transfer or prescribe its terms."

It is urged by counsel for the tax commission that the Minnesota case decided January, 1930, by the Supreme Court of the United States cannot be recognized as binding because the issue is limited to the taxation of bonds belonging to a non-resident decedent, but it appears to us that the Supreme Court of the United States in recognizing no distinction in principle between bank deposits involved in Blackstone vs Miller and the bonds in the Minnesota case, intended without qualification to render ineffective the doctrine laid down in Blackstone vs Miller.

The ruling in the Minnesota case of last January has application from its very language in our judgment, to all choses in action whether they are bank deposits, bonds or other forms of intangible securities.

In the face of the Minnesota decision it would logically result that an adherence still to Blackstone vs Miller would be a violation of Article I, Sec. 19 of the Constitution of Ohio which holds that "private property shall ever be held inviolate."

**Southern Gum Co. vs Laylin, 66 Oh St 578.**

The State of Ohio undoubtedly has no right to impose a tax upon the privilege of transfer because the Supreme Court of the United States holds that the State of Ohio confers no privilege with respect to the succession to that class of property under discussion. If the State of Ohio confers no privilege as to succession it cannot put a tax upon a privilege which it cannot confer.

Under the decisions in Ohio it is well settled that money deposits in bank create merely a relationship of debtor and creditor and that the money is the property of the bank and the depositor having the right of ownership in an intangible chose in action. **Coal Co. vs O'Brien, 98 Oh St. 14,** held, "money on deposit is the property of the bank and from the transaction arises a relationship of debtor and not of bailee or trustee. **Bank vs Brewing Co., 50 Oh St 152.** It further holds that "it is a debt

which is intangible in its nature and for the purpose of taxation its situs is the residence of the creditor and not that of the debtor."

In **Cassidy vs Ellerhorst, 110 Oh St 535,** it was held that "it is not the property but the succession thereto which forms the foundation of the inquiry" and this doctrine leads us to the conclusion that in the instant case the succession is not governed by the law of Ohio but by the laws of the State of New York.

It is well in the discussion of the case at bar, to keep in mind **5332 GC** and Subsection 2 thereof, as well as **5331 GC** because it will be seen that a tax is levied upon the succession to property passing in trust or otherwise, when the succession is by will or intestate laws of this State or another State or county to property within this State, from a person who was not residing in the latter State at the time of his death. It becomes necessary to determine the interpretation of the phrase "property within this State" and upon a further reading of these sections that term, when tangible property is referred to, means, physically located in Ohio, and when intangible property is referred to, that the succession thereto is for any purpose governed by the laws of this State.

If the bank deposits create merely the relationship of debtor and creditor and the bank is the owner of the deposits and only becomes a debtor of the creditor, then it logically follows that inasmuch as the creditor is simply a creditor, he does not own the property and therefore no tax can be imposed upon the property because he has no ownership therein but on the contrary another than he is the bona fide and lawful owner.

The case of **Tax Commission of Ohio vs Farmers Loan & Trust Co, 119 Oh St 410,** decided Oct. 31, 1928, we think is very applicable to the case at bar and involves the same sort of an estate as the Minnesota case above noted. From a reading of the syllabus we find that registered bonds of Ohio municipalities held by a non-resident of Ohio at the time of his death and which descend or are bequeathed to a non-resident of Ohio are not "within the State" within the meaning of 5331-2 GC and thus they are not subject to the succession tax. Again on page 413 of 119 OS., just noted, we find language applicable to the case at bar:

"It is not contended by any one that that language would include simple contract debts, promissory notes either with or without collateral, bonds of private corporations, or coupon bonds of municipalities. The tax commission does not ground its claims upon the power of the state over the debtor. Such a claim would result in all bonds, registered and unregistered as well as simple contract debts, being held subject to the succession tax. If registered municipal bonds are held to be subject to the tax, it must be on the ground that the act of registration makes them "subject to or governed by the law of this state."

From a reading of the above excerpt it is

clear that the court definitely holds that the residence of the debtor in Ohio or the jurisdiction the state has over the debtor, cannot and does not create a chose in action authorizing the imposition of the inheritance tax in Ohio and if this language has any meaning, its force and effect is that the imposition of an inheritance tax by Ohio upon the deposits in question, in the case at bar, has no foundation in law. There are many other authorities of a like nature.

In the Farmers Loan & Trust Co Exec. vs Minnesota case, we have kept in mind the reasoning of the Supreme Court as is evidenced by the conclusion written in the different syllabi and we note in the 5th paragraph thereof the following significant language.

"The court can find no sufficient reason for saying that intangible property is not entitled to enjoy any immunity from being taxed at more than one place similar to that accorded to tangible property."

This syllabi is peculiarly impressionable because it may be urged that in the Farmers Loan case supra the intangibles were municipal bonds and certificates of indebtedness of the State and that there is a distinction between such property and bank deposits but it should be noted that in the syllabi quoted, the Supreme Court extends from the same immunity to intangible property as that accorded to tangible property, and thus in no uncertain manner sweeps away the alleged distinction.

In the discussion of the case at bar we also keep in mind the application of elementary rules. Why should the same property be taxed twice? Why should one pay for a thing more than once? Why should there be a repetition of purchasing when it means the increasing of the burden to the extent that the result is unjust and oppressive? Taxation must be viewed from the practical standpoint and the laws appertaining thereto should be construed and applied to avoid, as far as possible, any unreasonable and unjust consequence. This doctrine was the reverse of the principles laid down in Blackstone vs Miller supra, and because the structure of that case was founded upon double taxation, it was definitely overruled in the Farmers Loan case supra.

In the opinion by Mr. Justice McReynolds he stated in substance that in the argument of that case that four different views concerning the situs for taxation of negotiable public obligations had been advanced in argument. One relates to the domicile of the owner, another the debtor's domicile; the third, where the instruments were found, and the fourth concerns the jurisdiction where the owner had caused them to become integral parts of a localized business, and the learned Justice concluded in substance with the observation that if a State can adopt any of these forms of taxation the same bonds and obligations may be declared present for taxation purposes in two, three or four places at the same time, and the climax of his observation is found in the following language:

"Such a startling possibility suggests a wrong premise."

Hence, it is our conclusion with reference to the $680,047.26 the amount of money on deposit, the court of common pleas is in error in reversing the decision of the probate court with respect to the deposits, and our holding is that the taxation of this property is contrary to the federal and state constitutions, in line with the reasoning and decision in Farmers Loan & Trust Co. Exec. vs Minnesota supra.

Now coming to the question as to whether the stock of The Central National Bank is subject to inheritance tax, it is our judgment, from an examination of the law and the record that the judgment of the common pleas court be affirmed which is in accordance with the judgment of the probate court and the reason for this holding we find in the 2nd syllabi of The Farmers Loan & Trust Co. case supra which reads:

"When negotiable bonds and certificates of indebtedness issued by a State or her municipality and not used in business in that State, are owned, at the time of his death, by a person domiciled in another State in which they are kept, an attempt of the State in which they were issued to tax their transfer by inheritance is repugnant to the Fourteenth Amendment. Blackstone vs Miller 188 U. S. 189, overruled P. 209."

While it is true that the Central National Bank is created under the National Bank Act and is not a corporation of Ohio, yet under its charter its locus is Cleveland within the State of Ohio and its assets are property used in business in that State. It will be seen by the syllabi in question that it is only the law of the case when the property is not used in business in Ohio. While the certificate of stock was in New York, the property which it represents was part of the capital assets of the bank and in use and operation for the transaction of the banking business within the State of Ohio. If the decedent, Bright, had owned all the stock of The Central National Bank we think there could be no question raised effectively against the imposition of the tax, notwithstanding the residence and domicile of the owner of the certificate of the stock was in the State of New York, and if we look at paragraph 6 of the syllabi it will be observed that this section now under discussion is not disposed of because that syllabi is as follows:

"This case does not present the question whether choses in action that have acquired a situs for taxation other than at the domicile of their owner through having become integral parts of some local business, may be taxed a second time at his domicile."

Now coming to the question as to whether there was error in the method employed by the probate and common pleas courts in computing the ratio of the Ohio succession to the gross succession, it is our judgment that the judgment of the common pleas court with respect to this question should be affirmed which is in line with the decision of the probate court.

Thus holding the judgment of the lower court is hereby reversed as to the deposits noted, and affirmed as to the certificate of stock in question and the method of computation. With respect to the judgment of the lower court as to bank deposits, we not only reverse the judgment but, inasmuch as the ultimate facts are conceded, we render final judgment upon that issue for the plaintiffs in error.

Vickery, PJ, and Levine, J, concur.